**Application of Earl CALDWELL and the New York Times Company for an Order Quashing Subpoenas.**

**Misc. No. 10426.**

United States District Court,
N. D. California.

April 6, 1970.
Supplemental Opinion April 8, 1970.

Anthony G. Amsterdam, Stanford, Cal., Charles Stephen Ralston, San Francisco, Cal., for Earl Caldwell.

Pillsbury, Madison & Sutro, John B. Bates, Armando M. Menocal, III, William S. Mailliard, Jr., San Francisco, Cal., for The New York Times Co.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Victor C. Woerheide, Jr., Jerome K. Heilbron, Sp. Attys., Dept. of Justice, Washington, D. C., for United States.

## MEMORANDUM OPINION

ZIRPOLI, District Judge.

This matter comes before the Court on the motion of Earl Caldwell (a full time staff reporter of the newspaper, The New York Times) and The New York Times Company, publisher of the newspaper and employer of Mr. Caldwell, to quash a subpoena ad testificandum summoning Mr. Caldwell to appear and give testimony relative to interviews with officers and spokesmen of the Black Panther Party, which interviews conducted by Mr. Caldwell, movants assert were confidential and within the scope of a relationship of trust maintained by him as a professional journalist with members of the Panther Party. The subpoena was issued by the Federal Grand Jury sitting in this District and served on Mr. Caldwell on March 16, 1970.*

Preliminarily, the Court is called upon to determine the standing of The New York Times Company, publisher of the newspaper, to join with its full time staff reporter, Earl Caldwell, to challenge the grand jury subpoena of March 16, 1970.

Based upon the Supreme Court's teachings, "the gist of the question of standing" is whether the party seeking relief has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions". Baker v. Carr (1962) 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed. 2d 663.

That personal "stake" or interest need not be a strict "legal interest" in the controversy, such as "one of property." It is sufficient for the purposes of standing, if the party seeking relief shows that the challenged action has and will cause him "injury in fact, economic or otherwise." See decision of the Supreme Court in Association of Data Processing Service Organizations, Inc., et al. v. Camp, et al., decided March 3, 1970 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed. 2d 184.

The New York Times Company has such an interest in the work product of Mr. Caldwell and the knowledge he has acquired in the course of his employ-

---

* A previously issued subpoena duces tecum served on Mr. Caldwell on February 2, 1970, was voluntarily withdrawn by the United States Attorney and is no longer involved in the instant motion, except insofar as it may serve as a clear indication of the nature of the testimony to be elicited from Mr. Caldwell.

ment as a full time reporter for it. This is clearly evidenced by the affidavit of Mr. John B. Bates and is not disputed. Accordingly, the Court finds that The New York Times Company has standing to join in the application to quash the subpoena served on Earl Caldwell on March 16, 1970.

The standing of The New York Times Company to join in the instant motion having been established, the Court now directs its attention to the issues presented by the motion. Movants contend that the contents of Mr. Caldwell's interviews under the circumstances here presented are protected against compulsory disclosure by the First Amendment to the Constitution, and that the compelled appearance of Mr. Caldwell before the grand jury will have a drastic chilling and repressive effect on First Amendment freedoms. Accordingly, they ask that the subpoena be quashed; or alternatively, that the subpoena be limited so as to protect Mr. Caldwell's confidential relations.

The relief sought presents issues of significant magnitude, issues that go to the very core of the First Amendment, the resolution of which may well be determinative of the scope of the journalist's privilege in sensitive areas of freedom of speech, press and association not heretofore fully explored and decided by the Supreme Court of the United States.

Reduced to their simplest terms the questions presented are:

1. Must Earl Caldwell appear before the grand jury in response to the subpoena issued March 16, 1970?

2. If he must appear, should the Court issue a protective order limiting the interrogation of Mr. Caldwell?

The short answer to these questions is "yes" as to each question.

■■ 1. Mr. Caldwell must respond to the subpoena. It has long been settled "that the giving of testimony and the attendance upon court or grand jury in order to testify are public duties which *every person* within the jurisdiction of the government is bound to perform upon being properly summoned" (Blair v. United States (1919) 250 U.S. 273, 281, 39 S.Ct. 468, 471, 63 L.Ed. 979 (emphasis added); United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 94 L.Ed. 884.

■ 2. On the facts of this case, he is entitled to a protective order. When the exercise of the grand jury power of testimonial compulsion so necessary to the effective functioning of the court may impinge upon or repress First Amendment rights of freedom of speech, press and association, which centuries of experience have found to be indispensable to the survival of a free society, such power shall not be exercised in a manner likely to do so until there has been a clear showing of a compelling and overriding national interest that cannot be served by alternative means.

Accordingly, it is the order of the Court that Earl Caldwell shall respond to the subpoena and appear before the grand jury when directed to do so, but that he need not reveal confidential associations that impinge upon the effective exercise of his First Amendment right to gather news for dissemination to the public through the press or other recognized media until such time as a compelling and overriding national interest which cannot be alternatively served has been established to the satisfaction of the Court.

■ The contention of movants that the subpoenas "are very probably based upon information obtained by the Government through electronic surveillance" is, upon the facts before the Court, one that movants do not at this posture of the grand jury investigation have standing to raise and to the degree that movants seek to quash the subpoena on this ground, the same is denied.

Movants are directed to prepare and submit an appropriate order in accordance with the foregoing opinion.

The effective date of this order is stayed pending appeal to the United States Court of Appeals for the Ninth

Circuit, provided notice of appeal is filed by a party hereto within twenty days of the date hereof.

## ORDER OF THE COURT

This matter comes before the Court on the motion of Earl Caldwell and The New York Times Company to quash or modify a subpoena served upon Mr. Caldwell on March 16, 1970, summoning him to appear and testify before the grand jury sitting in this District. The motion as originally filed also sought the quashing of a grand jury subpoena served upon Mr. Caldwell on February 2, 1970; but at oral argument of the matter on April 3, 1970 the Government withdrew the February 2 subpoena, and the parties have agreed that the motion to quash that subpoena is now moot.

With regard to the March 16 subpoena, the Court has read and considered the memoranda, supplementary memoranda and affidavits filed by the movants and by the Government, and the briefs and annexed affidavits filed by the following amici curiae: The American Civil Liberties Union (together with its affiliates of Northern and Southern California), The Associated Press, Columbia Broadcasting System, Inc., Newsweek, Inc., and the Reporters' Committee on Freedom of the Press.

The Court has also judicially noticed, read and considered a series of articles authored by Earl Caldwell and published in The New York Times. Copies of these articles were furnished to the Court and the Government by the movants, and will be filed by the Court together with its order, for the convenience of the Court of Appeals in the event of an appeal. Finally, the Court has read and considered the memorandum and exhibits filed by the Government in Miscellaneous No. 10410, in support of its Application for Immunity for Sherrie Bursey and Brenda Joyce Presley. At oral argument in the present matter, counsel for movants was granted leave to make this memorandum and its exhibits part of the record herein, and a copy of it will also be filed herewith.

On April 3, 1970, the Court heard and considered oral argument on behalf of the parties and of Columbia Broadcasting System, Inc. as amicus curiae. At the conclusion of the argument, the Court announced its opinion, which was filed on April 6, 1970. For the reasons stated in that opinion, the Court is satisfied that The New York Times Company has standing to join with Earl Caldwell in the motion to quash the subpoena of March 16.

Upon the record herein, it appears:

(1) That the testimony of Earl Caldwell sought to be compelled by the subpoena of March 16 will relate to activities of members of the Black Panther Party;

(2) That Mr. Caldwell's knowledge of those activities derived in substantial part from statements and information given to him, as a professional journalist, by members of the Black Panther Party, within the scope of a relationship of trust and confidence:

(3) That confidential relationships of this sort are commonly developed and maintained by professional journalists, and are indispensable to their work of gathering, analyzing and publishing the news;

(4) That compelled disclosure of information received by a journalist within the scope of such confidential relationships jeopardizes those relationships and thereby impairs the journalist's ability to gather, analyze and publish the news;

(5) Specifically, that in the absence of a protective order by this Court delimiting the scope of interrogation of Earl Caldwell by the grand jury, his appearance and examination before the jury will severely impair and damage his confidential relationships with members of the Black Panther Party and other militants, and thereby severely impair and damage his ability to gather, analyze and publish news concerning them; and that it will also damage and impair the abilities of other reporters for The New York Times Company and others to gath-

er, analyze and publish news concerning them; and

(6) That the Government has shown no compelling and overriding national interest in requiring Mr. Caldwell to give testimony before the grand jury that would invade and jeopardize his confidential relationships with members of the Black Panther Party.

Accordingly, pursuant to the Court's opinion of April 6, 1970, it is hereby *ORDERED:*

(1) That if and when Earl Caldwell is directed to appear before the grand jury pursuant to the subpoena of March 16, 1970, he shall not be required to reveal confidential associations, sources or information received, developed or maintained by him as a professional journalist in the course of his efforts to gather news for dissemination to the public through the press or other news media.

(2) That specifically without limiting paragraph (1), Mr. Caldwell shall not be required to answer questions concerning statements made to him or information given to him by members of the Black Panther Party unless such statements or information were given to him for publication or public disclosure;

(3) That, to assure the effectuation of this order, Mr. Caldwell shall be permitted to consult with his counsel at any time he wishes during the course of his appearance before the grand jury;

(4) That, except to the extent set forth in paragraphs (1) through (3), the motion to quash or modify the subpoena of March 16, 1970, is denied;

(5) That the Court will entertain a motion for modification of this order at any time upon a showing by the Government of a compelling and overriding national interest in requiring Mr. Caldwell's testimony which cannot be served by any alternative means; and that the Court retains jurisdiction of this matter, for the purposes of entertaining such a motion or other motions by any party

for the implementation or modification of this order; and

(6) That this order and the return date of the subpoena of March 16, 1970, are stayed until April 26, 1970; and in the event that any party hereby files a notice of appeal of this order on or before April 26, 1970, then this order and the return date of the subpoena are further stayed until final disposition of the appeal, or until further order of this Court.