In re Presentment of Special GRAND JURY Impaneled JANUARY, 1969.

Petitions of John DOE et al., to Suppress and Expunge.

Misc. No. 713.

United States District Court,
D. Maryland.
July 17, 1970.

George Beall, U. S. Atty., and Paul R. Kramer, Deputy U. S. Atty., Baltimore, Md., for the Government.

Paul R. Connolly, Harold Ungar and Williams & Connolly, Washington, D. C., William L. Marbury, John Martin Jones and Piper & Marbury, Baltimore, Md., Norman P. Ramsey and Semmes, Bowen & Semmes, Baltimore, Md., and William G. Hundley and Hundley & Peloquin, Washington, D. C., for petitioners.

Benjamin C. Howard, Baltimore, Md., for New York Times Co.

Eli Frank, Jr., Harrison M. Robertson, Jr., and George W. Liebmann, Baltimore, Md., amici curiae.

THOMSEN, District Judge.

After the opinion of June 22, 1970, 315 F.Supp. 662, was delivered orally, counsel for Petitioners and the United States Attorney discussed the form of the order which should be entered pursuant thereto. It was presented to the Court and signed on June 26.[1]

---

1. The order read as follows:

"This Court has received petitions from persons describing themselves as John Doe, etc., seeking to suppress and expunge from the public records of this Court certain statements, presentments, reports and other documents described in the petitions and seeking to declare invalid and to strike and expunge a so-called indictment from the public records of this Court.

"The Court has satisfied itself that the anonymously described petitioners are persons who may be adversely affected by the publication of the challenged documents and that they, accordingly, have standing to petition under Rule 47, Fed. R.Crim.P.

"The Court has heard argument by the petitioners. It has received a statement of position from the Department of Justice, and it has consulted learned counsel whom it appointed as *amicus curiae* to advise it with respect to the matters raised in the petitions.

"Upon the foregoing, it is by the Court

Meanwhile, counsel for Petitioners and counsel for the New York Times Company agreed, with the approval of the Court, that the time within which that Company should reply to the show cause order issued on June 20 [2] be extended to June 26, at 10 a. m. It does not appear that the show cause order was ever formally served on the Company, but a copy of the order was delivered to the Washington Bureau of the paper at 5:30 p. m. on June 20, and was brought to the attention of a senior officer of the Company shortly thereafter.

In the June 26 issue of the New York Times there appeared an article which repeated many of the statements contained in the June 21 article, referred to in the previous opinion herein, 315 F. Supp. 671; but the June 26 article purported to quote verbatim a passage from what the article referred to as "the full presentment". That term evidently referred to the exhibit attached to the single sheet, headed "Presentment", delivered by the grand jury to the Court on May 28. That exhibit was a proposed indictment, which the Court had ordered sealed on May 28, at the time it was delivered to the Court. It has never been disclosed with the approval of the Court, except to the extent that it was summarized in Exhibit A attached to the former opinion of this Court. 315 F.Supp. at 679.

this 26 day of June, 1970,

"ORDERED:

"1. That the 'Indictment' presented to the Court on June 17, 1970, lacking as it does the signature of an attorney representing the United States, is not an effective pleading sufficient to initiate a federal criminal prosecution and is, therefore, void and a nullity.

"2. That for the reasons stated in the Opinion of this Court issued on June 22, 1970 and except to the extent that the contents of any of the documents referred to herein have been discussed or revealed in said Opinion or in the two documents released by the Court on June 22, 1970 consisting of (1) a summary of the substance of the charges contained in the 'Indictment' referred to in paragraph 1 of this Order, and (2) a substantially complete copy of a certain memorandum dated June 12, 1970 and addressed to Mr. Will Wilson, Assistant Attorney General, Criminal Division, Department of Justice (copies of which are attached hereto):

"(a) The one page document captioned 'Presentment' and filed by the Deputy Foreman of the Special Grand Jury in open court on May 28, 1970 is hereby stricken and expunged from the records of this Court;

"(b) Exhibits A and B to the above 'Presentment' consisting respectively of the results of a secret vote conducted by the Grand Jury and a draft form of indictment, which exhibits were filed in open court but under seal, are hereby suppressed, stricken and expunged from the records of this Court;

"(c) The 'Indictment' presented to the Court on June 17, 1970 and held to be void and a nullity (together with the sealed envelope containing the results of a secret vote conducted by the Grand Jury) is hereby suppressed, stricken and expunged from the records of this Court;

"(d) Exhibits 1, 2, 3 and 4 to the above 'Indictment' received by the Court on June 17, 1970 are hereby suppressed, stricken and expunged from the records of this Court; and

"(e) Absent further order of this Court, all officers of the court and court personnel, and all members of the Special Grand Jury of January, 1969, are forever restrained and enjoined from disclosing directly or indirectly to any other person (a) any of the evidence which was adduced before the Special Grand Jury relating directly or indirectly to the subject matter of the documents referred to in this Order; (b) any of the deliberations of or proceedings before the Special Grand Jury relating directly or indirectly to the subject matter of the documents referred to in this Order, and (c) the contents of any of the documents referred to in this Order, especially the contents of the 'Indictment' hereinabove referred to; provided, however, that nothing contained in this Order shall prevent (a) the United States Attorney for the District of Maryland, his assistants or representatives of the United States Department of Justice from the conduct of their official duties, and (b) counsel for the parties from making any motion, petition or other application in any judicial proceeding."

2. Which is sufficiently described in the previous opinion herein, 315 F.Supp. at 669.

On June 26 counsel for the New York Times Company presented to the Court its "Statement of Position".[3] After the Court had stated that the article in the June 26 issue introduced a new element into the case, counsel for the Company and counsel for Petitioners requested additional time for further consideration. The Government did not object. The Court then said that whether or not it has the power to order the New York Times to do anything, the Court believed that it would be in the interests of the administration of justice that the Times voluntarily advise the Court from whom it obtained the document from which it quoted, and that this could be done without the Times admitting the Court's jurisdiction or waiving any of the points which it had raised.

Eli Frank, Jr., President of the Maryland State Bar Association, and Harrison M. Robertson, Jr., President of the Bar Association of Baltimore City, had expressed publicly their concern about various phases of the matter. They were present at the hearing on June 26, at the Court's invitation. The Court asked them to advise it what the Court has power to do, does not have power to do, and to give any further advice that the Court might appropriately receive from the Associations.

The Court stated that it was aware of the danger of any individual judge taking action which might disrupt the efforts of the American Bar Association and the responsible representatives of the press to work out free press-fair trial problems, but that the Court should not refuse to accept any responsibilities it might have. The Court also requested the United States Attorney to ask the Department of Justice for a statement of what, if anything, it recommended that the Court do, and what, if anything, the Department intends to do.

On July 1 Howard Waterhouse and Nancy Hall entered an appeal from the order dismissing their intervening petition. 315 F.Supp. 674.

A hearing was held on July 8. Prior thereto, a memorandum of law had been delivered to the Court by counsel who had been designated by the Bar Associations to prepare such a memorandum. A letter stating the position of the Bar Association of Baltimore City, which was concurred in by the representative of the Maryland State Bar Association, was presented to the Court.[4]

3. After reciting the facts, the New York Times Company stated its position as follows:

"1. Petitioners' motion to suppress or expunge the Grand Jury documents is now moot by reason of the disposition by this Court on June 22, 1970 of the presentment submitted by the Grand Jury.

"2. Petitioners' instant motion is now moot by reason of the publication of said article on June 21, 1970 by Respondent and by numerous other publications.

"3. This Court is without jurisdiction of the subject matter of this proceeding under 22 U.S.C. § 1651 by reason of its disposition on June 22, 1970 of the presentment submitted by the Grand Jury.

"4. This Court lacks jurisdiction over the person of the Respondent; and there was an insufficiency of service of process.

"5. This Court is without power under the First Amendment to the Constitution of the United States to grant the relief requested by Petitioners.

"WHEREFORE, it is respectfully submitted that Petitioners' application should be in all respects denied."

4. The letter signed by Mr. Robertson read as follows:

"At its regular monthly meeting this past evening, the Executive Council of The Bar Association of Baltimore City authorized me to advise the Court as follows:

"1. As stated in my prior letter to the Court dated June 19, 1970, a major concern of this Association was that the public be informed of the Justice Department's reasons for instructing the United States Attorney not to sign an indictment in this case. That concern has been fully satisfied through the publication of the Court's Opinion in the matter with the Exhibits to it. The public can assess these reasons and agree or disagree with the Justice Department's decision. Any further public comment on the matter by this Association would be inappropriate, especially since

The representatives of the Bar Associations agreed that the entry of an appeal by Waterhouse et al. from the order dismissing their intervening petition is a factor which should be considered by the Court. No one asked that the Court produce for questioning the grand jurors, any clerk or other representative of the judicial branch, or any member of the Bar.

After hearing from all of the attorneys and considering the matter, the Court delivered an oral opinion, which is being supplemented by the citation of authorities herein.

■ (A) I do not believe that the First Amendment or any other provision of the Constitution or laws of the United States prevents the Court from compelling representatives of the New York Times to make a limited disclosure of the source or sources of the information they received, so that the Court may as-

certain whether anyone, and if so who, may have done something which would justify the imposition of sanctions for contempt of court under the provisions of 18 U.S.C. § 401, or of disciplinary action under the Local Rules of this Court or otherwise. Garland v. Torre, 259 F. 2d 545, 546 (2 Cir. 1957), cert. den. 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231.[5]

■ (B) But I have decided that the Court should not take any action to require such disclosure in this case. There are several reasons for this conclusion. In the first place, no party now contends that a grand juror or a clerk or any other member of the judicial branch was responsible for the disclosure. I am satisfied that no member of the staff of this Court, including the Clerk, made any such disclosure, and I am satisfied that no grand juror had a copy of the proposed indictment forming part of the presentment filed May 28, 1970, or of the proposed indictment sought to be

---

the Court's decision is on appeal.

"2. Of equal concern to this Association is that Grand Jury secrecy be maintained inviolate. As we see it, if the Court reasonably assures itself that there has been no local improper disclosure of the materials of the Special Grand Jury, that should suffice. No good purpose would be served by a confrontation between this Court and a newspaper. Unnecessary additional publicity would result in the repetition of the suppressed material already obtained by the press, and substantial First Amendment issues are involved.

"Note: In regard to paragraph two above, a memorandum of law has been furnished the Court on behalf of this Association and the Maryland State Bar Association indicating that the Court does have power to conduct an investigation as to disclosures of secret proceedings before the Grand Jury.

"3. Assuming that the Court has assured itself that no officer of the United States District Court for the District of Maryland has made an improper disclosure, the likely source of the release is the Justice Department itself. Again, no good purpose would be served by having this Court conduct an extensive investigation of how the material of the Special Grand Jury was handled within the Justice Department. Wholly apart from the Court's Powers in the matter,

such an investigation more appropriately should be conducted under the direction of the Attorney General himself, since members of his Department would be involved.

"We hope that our Association's efforts have been helpful to the Court and that we be advised if we may be of any further assistance."

5. The decision in Garland v. Torre is supported not only by the decisions cited in the opinion of the Second Circuit, but by other authorities, as well, e. g. McMann v. SEC, 87 F.2d 377, 378 (2 Cir. 1937); Wigmore on Evidence, § 2286 and cases cited. See also Application of Cepeda, 233 F.Supp. 465 (S.D.N.Y. 1964); Application of Caldwell, 311 F. Supp. 358 (N.D.Cal.1970); United States v. Culver, 224 F.Supp. 419, 434 (D.Md. 1963); Report of Judicial Conference Committee on Proposed Federal Rules of Evidence, 46 F.R.D. 161, 243, 244 et seq.; In Matter of Taylor, 412 Pa. 32, 193 A.2d 181 (1963); State v. Sheridan, 248 Md. 320, 236 A.2d 18 (1967); Attorney General v. Clough, Q.B.D. (1963), 1 All E.R. 420; Attorney General v. Mulholland, C.A. (1963), 1 All E.R. 767, 77 Harv.L.Rev. 556 (1964); 35 N.Y.U.L. Rev. 1111 (1960), The Journalist, His Informant, and Testimonial Privileges; 36 Va.L.Rev. 61 (1950).

filed by the grand jury as an indictment on June 17, 1970. Moreover, the situation has changed since the last hearing herein on June 26. Howard Waterhouse and Nancy Hall have entered an appeal from the order of this Court dismissing their intervening petition praying that a mandatory injunction be issued commanding the Attorney General of the United States and the United States Attorney for the District of Maryland, to prosecute those persons accused by the Special Grand Jury of committing crimes within the District of Maryland. If the ruling of this Court should be reversed, the defendants in any resulting criminal case might seek discovery of information concerning the disclosure, and this Court should not take any action at this time which would interfere with their decision as to what action, if any, they should take. Indeed, any other persons mentioned in any of the articles who may now or in the future be charged with any offense in connection with these or other matters may or may not wish to seek some discovery, and this Court should not take any action which would interfere with their decisions, unless there are clearer and stronger reasons than exist in this case why such action should be taken. Finally, the Department of Justice has adequate facilities for investigating any possible leads.

(C) It is not necessary to decide whether the First Amendment or any other constitutional provision prevents the imposition of punishment for contempt upon any person, firm or corporation which publishes suppressed or secret grand jury materials.[6] It is very doubtful whether the federal contempt statute, 18 U.S.C. § 401, would permit the imposition of any punishment on the New York Times Company or any of its officers or employees under the circumstances of this case, since the Court had declined to issue an order prohibiting such publication.[7]

(D) The representatives of the Maryland State Bar Association and the Bar Association of Baltimore City have agreed with the United States Attorney and with the attorneys for the Petitioners in recommending that no further action should be taken against the New York Times in this case. I have concluded that I should follow their recommendation.

The Court has no information which would warrant it in conducting sua sponte an investigation of the actions of

---

6. See Craig v. Harvey, 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1546 (1947); Bridges v. California, 314 U.S. 252, 265, 62 S.Ct. 190, 86 L.Ed. 192 (1941). Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962); Report of the Committee on the Operation of the Jury System of the Judicial Conference of the United States on the "Free Press—Fair Trial" Issue, 45 F.R.D. 391, 402, 403; ABA Standards Relating to Fair Trial and Free Press (the Reardon Report); United States v. Smyth, 104 F. Supp. 283, 304 (N.D.Cal.1952); Goodman v. United States, 108 F.2d 516 (9 Cir. 1939); In re Lee, 170 Md. 43, 183 A. 560 (1936), cert. den. 298 U.S. 680, 56 S.Ct. 947, 80 L.Ed. 1400 (1936); Telegram Newspaper Co. v. Com., 172 Mass. 294, 52 N.E. 445 (1899).

7. Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1940); Cammer v. United States, 350 U.S. 399, 76 S.Ct. 456, 100 L.Ed. 474 (1956); Berry v. Midtown Service Corporation, 104 F.2d 107 (2 Cir. 1939); Parker v. United States, 126 F.2d 370 (1 Cir. 1942); Terminal R. Assn. v. United States, 266 U.S. 17, 45 S.Ct. 5, 69 L.Ed. 150 (1924); Carter Products, Inc. v. Colgate-Palmolive Co., 164 F.Supp. 503 (D.Md.1958), aff'd 269 F.2d 299 (4 Cir. 1959); In re Carroll, 416 F.2d 585 (10 Cir. 1969), cert. den. Carroll v. United States Dist. Ct., 396 U.S. 1011, 90 S.Ct. 570, 24 L.Ed.2d 503 (1970); Report of Committee, etc., 45 F.R.D. at 402, n. 18; The Reardon Report, pp. 96–97, 154; Frankfurter and Landis, Power of Congress over Procedure in Criminal Contempts in 'Inferior' Federal Courts: A Study in Separation of Powers, 37 Harv.L.Rev. 1010 (1924); Nelles, et al., Contempt by Publication in the United States, 28 Col.L.Rev. 401, 525, 554–562 (1928).

any member of the Bar of this Court in connection with this matter.

The Court expresses its appreciation to the Maryland State Bar Association and the Bar Association of Baltimore City, and particularly to M. Peter Moser and George W. Liebmann, who prepared a full and able memorandum of the law on these points, for their advice and assistance to the Court.