THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DOE et al., Defendants, and JOAN M. BENTIVOGLI, as Business Manager/Treasurer of the Philosophical Society — SUNYAB, et al., Appellants.

Fourth Department, September 17, 1970.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* (*Lewis M. Steel* of counsel), for appellants.

*Michael F. Dillon, District Attorney,* for respondent.

DEL VECCHIO, J. P.    Upon this application to quash a subpoena duces tecum served on the business manager of the Philosophical Society SUNYAB to appear before a Grand Jury as a witness in a criminal action and to produce the membership list and financial records of the Society, appellant Joan M. Bentivogli raises only the First Amendment right of association.

Unlike cases relied on by appellant, the record is totally devoid of any showing that disclosure of membership in or financial support of the Philosophical Society is likely to have a deterrent effect on the free enjoyment of the right of association.    (*Gibson* v. *Florida, Legislative Comm.*, 372 U. S. 539, 548, 557; *Bates* v. *Little Rock*, 361 U. S. 516, 524; *N.A.A.C.P.* v. *Alabama*, 357 U. S. 449, 462–463; and see *Louisiana* v. *N.A.A.C.P.*, 366 U. S. 293, 296.)    No proof has been offered concerning the nature or activities of the Society, that it is held in any public disfavor or that disclosure of membership in the organization has or is likely to have any adverse effect either on the members or the organization.    Upon this state of the record there is no basis for a conclusion that the production before the Grand Jury of the lists and documents sought would in any way infringe on the right of association.

Even if such proof were present, the right of association, as appellant recognizes, is not an absolute one which remains inviolate in all instances.    In *Barenblatt* v. *U. S.* (360 U. S. 109) the Supreme Court said at page 126: " Undeniably, the First Amendment in some circumstances protects an individual from being compelled to disclose his associational relationships. However, the protections of the First Amendment, unlike a proper claim of the privilege against self-incrimination under the Fifth Amendment, do not afford a witness the right to resist inquiry in all circumstances.    Where First Amendment rights are asserted to bar governmental interrogation resolution of the issue always involves a balancing by the courts of the competing private and public interests at stake in the particular circumstances shown."    In the present case, we think that the State's interest in enforcing the power of the Grand Jury to inquire into the commission of crime is a " subordinating interest which is compelling " (*Bates* v. *Little Rock, supra,* p. 524) and is paramount to the right of association asserted by appellant.    (*People* v. *Woodruff*, 26 A D 2d 236.)    The moving papers establish that the subpoena duces tecum sought to be

vacated was issued in connection with a Grand Jury investigation of a crime of larceny. "The grand jury is an arm of the court. Its subpoenas are presumptively valid and can only be challenged by an affirmative showing of impropriety. * * * Nor may petitioner refuse to produce documents and records under a subpoena duces tecum unless he can show that the documents are so unrelated to the subject of inquiry as to make it obvious that their production would be futile as an aid to the court." (*Matter of Manning* v. *Valente*, 272 App. Div. 358, 361, affd. 297 N. Y. 681.) In the instant case the bearing of the evidence demanded (records of income, members and disbursements) on the subject of the investigation (larceny of funds) is "susceptible of intelligent estimate" (*Matter of Spector* v. *Allen*, 281 N. Y. 251, 258); there is a "justifiable suspicion that the former is related to the latter". (*People* v. *Doe* [*Byk*], 247 App. Div. 324, 326, affd. 272 N. Y. 473.) The relevancy of the material subpoenaed is therefore sufficiently demonstrated. (*Matter of Koota* v. *Colombo*, 17 N Y 2d 147, 151.) The statement in *Matter of Grand Jury Subpoena Duces Tecum* (203 F. Supp. 575, 579) is appropriate:

"The rules governing the subpoena duces tecum must be applied realistically. Whether a crime has been committed, who has committed it and what the crime is are normally determined at the end of the grand jury's proceedings, and not at the beginning. Blair v. United States, 250 U. S. 273, 282. * * * It would cripple the administration of justice to require the grand jury to demand documents with a particularity 'which presupposes an accurate knowledge of such papers, which the tribunal desiring the papers would probably rarely, if ever, have.' Consolidated Rendering Co. v. Vermont, 207 U. S. 541, 554 * * *.

Moreover, because the grand jury may have to develop evidence for the first time, the requirements of relevance and materiality are certainly less strict in a grand jury investigation than at a trial. Schwimmer v. United States, 232 F. 2d 855, 862–863 (8th Cir. 1956), cert. denied, 352 U. S. 833 * * *."

*Matter of Caldwell* (311 F. Supp. 358) heavily relied on by appellant, is readily distinguished. There the United States District Court for the Northern District of California did not grant the application to quash the subpoena. It held that a news reporter was required to appear before the Grand Jury but he could not be required to testify as to confidential associations, sources or information received, developed or maintained by him as a professional journalist in the course of his efforts to gather news for dissemination to the public through the press

or other news media until such time as there should be a showing by the Government of a compelling and overriding national interest in requiring such testimony which could not be served by any alternative means. The case is further distinguishable in that it did not appear what the Grand Jury was investigating nor that there was any relevance between the investigation being conducted and the material protected.

The order appealed from should be affirmed.

MARSH, MOULE, BASTOW and HENRY, JJ., concur.

Order unanimosuly affirmed, without costs.