Alexander Chananait, J.
Motion for an order vacating the subpoena duces tecum is granted for the reasons set forth in the decision rendered herewith.
This is a motion by the Attorney-General of the State of New York to vacate and set aside a subpoena duces tecum served by the District Attorney of Bronx County on the Department of Taxation and Finance (Sales Tax Bureau). The subpoena requires the production of “ all records and documents show *919 ing payment of sales tax and amount thereof by one Edward Wedelstaedt relating to purchase of a 1965 Ford Automobile registered with the Motor Vehicle Department on June 13, 1972.”
The Attorney-General claims that the disclosure of the sales tax record requested is prohibited by section 1146 of the Tax Law and this prohibition extends to the demand of the District Attorney even though it may be relevant to the proof of the pending criminal case against Wedelstaedt.
The District Attorney contends that the language of the statute permits the court to order the release of the records for the purpose of the trial.
Section 1146 of the Tax Law, insofar as applicable to the motion, reads as follows:
“ § 1146. Returns to be secret.
“ (a) Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the tax commission, any tax commissioner, any officer or employee of the department of taxation and finance, any person engaged or retained by such department on an independent contract basis, or any person who in any manner may acquire knowledge of the contents of a return or report filed with the tax commission pursuant to this article, to divulge or make known in any manner any particulars set forth or disclosed in any such return or report. The officers charged with the custody of such returns and reports shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the tax commission in an action or proceeding under the provisions of the tax law or in any other action or proceeding involving the collection of a tax due under this chapter to which the state or the tax commission is a party or a claimant, or on behalf of any party to any action or proceeding under the provisions of this article when the returns, reports or facts shown thereby are directly involved in such action or proceeding, in any of which events the court may require the production of, and may admit into evidence, so much of said returns, reports or of the facts shown thereby, as are pertinent to the action or proceeding and no more. The tax commission may, nevertheless, publish a copy or a summary of any decision rendered after a hearing required by this article. Nothing herein shall be construed to prohibit the delivery to a person who has filed a return or report or his duly authorized representative of a certified copy of any return or report filed in connection with his tax or to prohibit the publication of statistics so classified as to prevent the iden *920 tification of particular returns or reports and the items thereof, or the inspection by the attorney general or other legal representatives of the state of the return or report of any person required to collect or pay the tax who shall bring action to review the tax based thereon, or against whom an action or proceeding under this chapter has been recommended by the commissioner of taxation and finance or the attorney general or has been instituted, or the inspection of the returns or reports required under this article by the comptroller or duly designated officer or employee of the state department of audit and control, for purposes of the audit of a refund of any tax paid by a person required to collect or pay the tax under this article.
“ The right to resort to means competent to compel the production of written as well as oral testimony has long been regarded as not less than essential to the very existence and constitution of a court at common law. But persons subpoenaed may nevertheless assert against the compulsion of such process whatever privileges they may enjoy under the common law or by statute [citations omitted], * * * Whether the reasons in favor of such a privilege outbalance the reasons that may be urged against it was here a legislative question which, since it has been settled by the authorities having jurisdiction, cannot be reagitated in the courts.” (Matter of Bakers Mut. Ins. Co. of N. Y. [Dept. of Health], 301 N. Y. 21, 27-28.)
Section 1146 by its caption and the wording of the statute specifically enforces secrecy regarding such returns and reports subject to specific exemptions where disclosure is permitted. Such exemptions do not apply to the instant proceedings.
While the District Attorney urges that the words of the statute “Except in accordance with proper judicial order” vest the court with discretion to release the reports for publication, the case law holds to the contrary. In Matter of Manufacturers Trust Co. v. Browne (269 App. Div. 108, affd. 296 N. Y. 549), the court construed section 202 of the Tax Law which contained the identical provision regarding secrecy as contained in section 1146 of the Tax Law as holding that subject to the exceptions enumerated in the statute, a court has no authority to release tax reports. The Appellate Division interpreted “ proper judicial order ” to apply to the exceptions contained in the statute and not to permit disclosure in the ordinary case.
While the Manufacturers Trust Go. decision involved a different section of the Tax Law, this court finds its thesis determinative of the issue involved in this motion.
The motion is accordingly granted and the subpoena duces tecum is vacated.