**In re Grand Jury Subpoena for the Production of Certain NEW YORK STATE SALES TAX RECORDS.**

United States District Court,
W. D. New York.

Oct. 8, 1974.

John T. Elfvin, U. S. Atty. (Dennis P. O'Keefe, Dept. of Justice Attorney, Buffalo, N. Y., of counsel), for the Government.

Louis J. Lefkowitz, Atty. Gen. of the State of New York (Anthony M. Leone, Buffalo, N. Y., of counsel), for Abram J. Cutler and New York State Dept. of Taxation and Finance.

CURTIN, Chief Judge.

On June 11, 1974 a federal grand jury subpoena was served upon Abram J. Cutler, Custodian of the Records, New York State Sales Tax Returns, directing Mr. Cutler to appear before a federal grand jury in Buffalo, New York on July 2, 1974, and to bring with him the records of certain New York corporations for presentation to the Grand Jury. On June 27, 1974 the State of New York, through an Assistant Attorney General, moved to quash the federal grand jury subpoena, giving as a reason that, if Mr. Cutler honors the subpoena, he will violate New York State Law, Section 1146 (a), McKinney's Consol.Laws, c. 60, of the Tax Law. The State maintains that, if Mr. Cutler provides the jury with the records, he will be subject to a $1,000 fine and a year's imprisonment under

Section 1146(f) of the Tax Law. Section 1146(a) of the New York State Tax Law provides as follows:

Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the tax commission, any tax commissioner, any officer or employee of the department of taxation and finance, or any person who in any manner may acquire knowledge of the contents of a return or report filed with the tax commission pursuant to this article, to divulge or make known in any manner any particulars set forth or disclosed in any such return or report.

■ In moving to quash the State has misconceived the thrust of the federal subpoena and the purpose of its own nondisclosure law, which is to prevent dissemination of confidential information to unauthorized persons. By its own terms, Section 1146(a) provides that the nondisclosure prohibition is not applicable when the tax commission acts in accordance with a proper judicial order.

■ The federal grand jury has traditionally been granted broad investigative power to inquire into violations of criminal law. "It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiry is not to be limited * * * by doubts whether any particular individual will be found properly subject to an accusation of crime." Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919). The federal grand jury has a special role in the law enforcement process. It is an *ex parte* investigation to determine the existence of a crime and whether criminal prosecution should be instituted against any individual. To fulfill its public responsibility, the grand jury's investigative power must be broad. Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). A grand jury investigation "is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed; . . ." United States v. Stone, 429 F.2d 138, 140 (2d Cir. 1970).

■ Federal courts possess the power to compel persons to appear and testify before a grand jury. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The duty to testify has been regarded as "so necessary to the administration of justice" that the witness's personal interest in privacy must yield to the public's overriding interest in full disclosure. Blair v. United States, *supra,* 250 U.S. at 281, 39 S.Ct. at 471. It is important to emphasize that the grand jury deliberates in secret.

■ The powers of the federal grand jury, because of Article 6, Clause 2 of the United States Constitution (the supremacy clause), must prevail over the nondisclosure provision of Section 1146 (a) of the New York State Tax Law. The supremacy clause provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

■ No state employee can be prosecuted for honoring a federal grand jury subpoena.

The motion of the Attorney General of New York State to quash the subpoena is denied. Mr. Cutler or any other proper custodian of the records subpoenaed is directed to appear before the federal grand jury, with the records demanded, upon reasonable notice from the foreman of the grand jury or the United States Attorney.

So ordered.