Donald J. Mark, J.
This is a proceeding brought by the New York State Tax Commission pursuant to CPLR 2304 to quash a subpoena duces tecum served upon the Tax Commission by the State Organized Crime Task Force. That subpoena issued in accordance with CPL 190.50 requires the Tax Commission to produce before the Monroe County Grand Jury a certified copy of the 1973 income tax return of one Casimer Gervase.
The Tax Commission relies upon subdivision (e) of section 697 of the Tax Law, the so-called "secrecy requirement” of the Tax Law, in its efforts to quash the subpoena served upon it. That section prohibits any person in the department from divulging information about income tax returns filed with it "[ejxcept in accordance with proper judicial order or as otherwise provided by law”.
The Organized Crime Task Force asserts that subdivision 3 of section 70-a of the Executive Law permits it to come under the "or as otherwise provided by law” exception of subdivision (e) of section 697 of the Tax Law. The language relied upon by the Organized Crime Task Force in subdivision 3 of section 70-a provides that "[t]he deputy attorney general in charge of the organized crime task force may request and shall receive from * * * the state department of taxation and finance * * * cooperation and assistance in the performance of his duties.”
Both the Organized Crime Task Force and the Tax Commission have ignored the import of the phrase "[ejxcept in accordance with proper judicial order” in subdivision (e) of section 697 of the Tax Law. However, the word "or” as used in a statute is a disjunctive particle indicating an alternative; it often connects a series of propositions, presenting a choice of either (People v Cubiotti, 4 Misc 2d 44). This language alone provides sufficient authority to compel the production of the tax return in question. (Matter of New York Sales Tax Records, 382 F Supp 1205.)
*277 This is another classic confrontation between conflicting policies. On the one hand is the policy in favor of allowing a Grand Jury the right to command the information and evidence it needs to carry out its constitutional and statutory duties; on the other hand is the policy in favor of protecting the confidentiality of an individual’s income tax return. The right of the Grand Jury must prevail. (Matter of Giovinazzo, 86 Misc 2d 751.)
A Grand Jury has a wide investigatory range (United States v Bisceglia, 420 US 141). To fulfill its public responsibility, the Grand Jury’s investigative powers must be broad, (Branzburg v Hayes, 408 US 665). It is a body with powers of investigation and inquisition, the scope of whose inquiry is not to be limited (Blair v United States, 250 US 273). A Grand Jury’s investigation is not fully carried out until every available clue has been run down and all witnesses examined (United States v Stone, 429 F2d 138). The power of the Grand Jury to find indictments shall remain untrammeled by law (People v Woodruff, 26 AD2d 236, affd 21 NY2d 848).
Accordingly, rights protected by statutes and even constitutional amendments must yield to a Grand Jury’s demand for evidence (People v Doe, 35 AD2d 118, app dsmd 28 NY2d 820; People v Woodruff, supra; Matter of Giovinazzo, supra; Shapiro v Chase Manhattan Bank, 84 Misc 2d 938).
In Doe it was held that the right of association under the First Amendment was subordinate to the power of the Grand Jury and that the membership and financial records of a philosophical society were subject to a subpoena duces tecum. Woodruff held that the power of the Grand Jury was paramount to the defendant’s right to freedom of worship under the First Amendment. Despite the clear statutory protection of CPL article 240 and CPLR 310 (subd [c]) an attorney was required to produce before a Grand Jury a statement of his former client in Giovinazzo. Claims of a violation of First, Fourth and Fifth Amendment rights failed to persuade the court in Shapiro to quash a Grand Jury’s subpoena of an individual’s banking records from his bank.
Matter of New York Sales Tax Records (382 F Supp 1205, supra) construed subdivision (a) of section 1146 of the Tax Law which is identical to subdivision (e) of section 697 of the Tax Law and held that the nondisclosure provision was not applicable when the Tax Commission acts in accordance with a proper judicial order and responds to a Grand Jury subpoena. *278 Federal decisions may be persuasive in any case where the question before the State court is similar to that passed upon by a Federal court (Jewett v Commonwealth Bond Corp., 241 App Div 131; 1 Carmody-Wait 2d, NY Civ Prac, par 2.72).
Although that decision was based in part on the supremacy clause of the United States Constitution, the following language leaves no doubt that it was also based upon the supremacy of the Grand Jury’s authority (Matter of New York State Sales Tax Records, 382 F Supp 1205, 1206, supra): "the State has misconceived * * * the purpose of its own nondisclosure law, which is to prevent dissemination of confidential information to unauthorized persons * * * Section 1146(a) provides that the nondisclosure prohibition is not applicable when the tax commission acts in accordance with a proper judicial order.”
Although Matter of Hines (69 F2d 52) did not involve the rights of a Grand Jury, the Circuit Court of Appeals, Second Circuit, interpreted the secrecy provisions of the New York Tax Law in the same manner.
It must be conceded that People v Wedelstaedt (77 Misc 2d 918) construed prohibitory language identical to that contained in subdivision (e) of section 697 of the Tax Law and in a like situation reached a contrary result. However, Wedelstaedt relied upon Matter of Manufacturers Trust Co. v Browne (269 App Div 108, affd 296 NY 549) which was a civil case and therefore did not involve a Grand Jury proceeding. Based upon that factor these cases are not deemed controlling.
Both the State Tax Commission and the Organized Crime Task Force have submitted interesting arguments in comprehensive legal memoranda in support of their respective positions interpreting the meaning of the phrase "or as otherwise provided by law” in subdivision (e) of section 697 of the Tax Law. Since the forerunner language of the said section provides sufficient authority for the production of the tax return involved here, it becomes unnecessary to determine if that second alternative likewise provides such authority.
For the reasons stated the application of the New York State Tax Commission to quash the subpoena duces tecum issued by the State Organized Task Force is denied.