■ In the Matter of M. ANDREW DWYER, JR., as Rensselaer County Judge, Respondent, v CHARLES J. WILCOX, as District Attorney of the County of Rensselaer, Appellant. — Appeal from an order of the Supreme Court at Trial Term (Prior, Jr., J.), entered September 1, 1982 in Rensselaer County, which granted petitioner's motion to quash a subpoena requiring him to appear and testify before the Rensselaer County Grand Jury. In the course of its investigation of possible criminality by individuals who had obtained the release of certain prisoners from the Rensselaer County Jail before the expiration of their sentences, certain records revealed that petitioner, in his official capacity as Rensselaer County Judge, had signed early release orders, not only for inmates sentenced by him but for some sentenced by other courts. When this information was disclosed, the Grand Jury, pursuant to CPL 190.50 (subd 3), requested the issuance of a subpoena ad testificandum upon petitioner. This subpoena was served on August 26, 1982. On the argument before Trial Term of petitioner's application to quash the subpoena, the People stated that petitioner's appearance was required to identify the persons who sought the releases, whether any payoff was offered, and whether petitioner had actually signed the releases, or if his signature had been forged. Obviously these areas of inquiry are proper in view of the matters that were then under investigation by the Grand Jury, and petitioner would be in a position to offer testimony concerning them. On its face, however, the subpoena did not disclose that the questioning of petitioner would center on these areas or be limited thereto. Trial Term found that this lack of specificity rendered the subpoena vague and general in nature and quashed it. We disagree. When a Grand Jury is acting pursuant to its investigatory and accusatory power, its right to obtain testimony by issuance of a subpoena ad testificandum, which on its face informs the witness of the time and place of his appearance, is "absolute and unlimited" (*Matter of Hirschfield v Craig,* 239 NY 98, 117). Contrary to petitioner's

contention, there is no requirement that such a Grand Jury subpoena notify the witness of the kind, the scope, the relevancy and the extent of the inquiry in advance of his appearance before the Grand Jury, which distinguishes a subpoena of this type from one "duces tecum" (*Matter of La Belle Creole Int. v Attorney-General of State of N. Y.,* 10 NY2d 192). If the inquiry violates any rights of the witness, then the witness may claim his privilege after his appearance before the Grand Jury (*A, B, C, D, E, F, H, I, J, K, L v Curran,* 61 Misc 2d 834, 837). In advance of such appearance, however, there is no authority to quash a subpoena ad testificandum otherwise facially regular, for its failure to specify the areas of inquiry. This principle has been clearly stated in *Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe* (50 NY2d 14, 20), wherein the Court of Appeals stated: "[W]ell settled is the rule of law that every person owes a duty to give evidence before the Grand Jury when requested to do so * * * The Grand Jury, as an arm of society and the court, can only fulfill its essential function when members of the community are willing to co-operate fully with its requests. As has been observed, '[t]he community is entitled to the assistance and information of its members in seeking out and controlling the commission of crime.' * * * This obligation to come forth with evidence before the Grand Jury is not dependent upon a prospective witness or his attorney being informed of the scope of the investigation [citations omitted]". Accordingly, the order of Trial Term should be reversed. Order reversed, on the law, without costs, subpoena reinstated, and the District Attorney granted leave to amend the subpoena as to a new time and place for petitioner's appearance. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.