OPINION OF THE COURT
Shirley R. Levitt an, Ji
On September 15, 1983, at approximately 2:50 a.m., in the vicinity of 14th Street and First Avenue, Michael J. Stewart was arrested by Transit Authority police officers. Less than one hour later Stewart was admitted to Bellevue Hospital unconscious and still in police custody. Without ever regaining consciousness, Michael Stewart died on September 28, 1983.
The day following Stewart’s arrest, an investigation was begun. Several canvasses by detectives of the area of Stewart’s arrest produced three individuals who stated they were in a restaurant at the corner of First Avenue and 14th Street at approximately the time of Stewart’s arrest and observed a man matching Stewart’s description in police custody. These witnesses, now petitioners before the court, were interviewed on several occasions by the police and members of the District Attorney’s office during which statements were elicited from them. As a result of these interviews the petitioners were subpoenaed to testify be *695 fore a Grand Jury investigating the death of Michael Stewart. They now move for an order to quash the subpoena seeking to compel their testimony on the ground that the District Attorney has refused to comply with their request to provide them with copies of their statements made to public officials investigating the Stewart case.
In support of their motion to quash, petitioners argue that fundamental fairness of law requires the District Attorney to provide them with their statements prior to testifying before the Grand Jury. Petitioners also contend that, absent copies of their statements, they cannot obtain effective assistance of counsel before the Grand Jury and that the District Attorney’s refusal leads to suspicion that petitioners are being threatened with a possible indictment for perjury and that a thorough investigation into the death of Michael Stewart will not be conducted.
Despite these contentions, petitioners concede there is no legal authority in the State of New York, either by statute or case law, that mandates the District Attorney to provide persons not charged with a criminal offense with their prior statements to law enforcement personnel. They instead point to cases from other jurisdictions, in general under specific statutory authority, which they contend support their motion. However, the court finds that these cases are not on point and as a result not persuasive precedent. Furthermore, it is incumbent upon the court to point out that petitioners are not targets of this Grand Jury investigation and will receive immunity from prosecution when they testify (CPL 190.40).
A Grand Jury derives its power from section 6 of article I of the New York State Constitution, and is deeply rooted as an institution within our system. As a body, the Grand Jury serves as an arm of the court and not of the prosecutor (CPL 190.05). (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.05, p 185.) The primary function of the Grand Jury is to investigate crimes and to determine whether sufficient evidence exists to accuse an individual of a crime (Matter of Additional Jan. 1979 Grand Jury v Doe, 50 NY2d 14, 19). To fulfill its investigatory function, the Grand Jury possesses broad powers whose scope cannot be limited. As a result, *696 many constitutional and statutory rights of the individual must yield to a Grand Jury’s search for evidence (Matter of New York State Tax Comm. v State Organized Crime Task Force, 89 Misc 2d 275, 277, and citations within; see Virag v Hynes, 54 NY2d 437, 443).
When conducting an investigation, subpoenas issued by a Grand Jury are presumptively valid and can only be challenged when a petitioner can affirmatively show impropriety or bad faith (Matter of Dwyer v Wilcox, 92 AD2d 646, 647; Matter of Manning v Valente, 272 App Div 358, 361). It is well established that a Grand Jury may call to testify any person who possesses relevant information and every person owes a duty to testify whenever requested to do so (CPL 190.50, subd 3; Matter of Additional Jan. 1979 Grand Jury v Doe, supra, at p 20).
In seeking to quash their subpoenas, the petitioners now wish to limit the investigatory power of the Grand Jury and to avoid their duty to testify by demanding their prior statements, in effect placing a condition precedent to their testimony. Absent specific authority to compel the District Attorney to provide petitioners with their statements, such a limitation cannot be made on the power and secrecy of the Grand Jury (cf. Matter of Additional Jan. 1979 Grand Jury v Doe, supra, at pp 20, 21) and, therefore, the court is constrained to deny their motion. The prosecutor, generally embodied in the District Attorney, is the legal advisor of the Grand Jury, empowered to issue subpoenas for witnesses and possessing broad discretion in determining how to prosecute a matter (CPL 190.25, subd 6; 190.50, subd 2; People v Di Falco, 44 NY2d 482, 486). If in the wisdom of the District Attorney, he chooses not to provide petitioners with their prior statements, he is fully empowered to do so.
The events being considered by the Grand Jury — the death of a citizen of this city and charges of possible police brutality — are of the greatest importance in our State, one of the most pluralistic of our pluralistic society. If the transit police officers in question are, indeed, guilty of violent or even improper conduct, they must be brought to the Bar of justice and, if convicted, punished therefor. If they have acted in accordance with the law, however, as *697 public servants who put their lives on the line everyday, they should not be subject to harassment, derision or unwarranted innuendo, and are entitled to the staunch support of the multiethnic, multiracial community they protect.
In investigating these matters, the Grand Jury is entitled to the widest latitude and should have the opportunity of hearing all relevant evidence — including the testimony of these witnesses — as quickly as possible.
The motion to quash the subpoena is denied as to each petitioner.