John D. Bennett, S.
Among other items in the account filed, the amount of attorney’s fees paid is attacked, as is a certain compromise of income tax liability. The objectant, having subpoenaed the New York State Tax Commission’s income tax files relating to the decedent, sought to introduce into evidence two items, namely, a record of telephone calls and time spent *1044 by a tax examiner in connection with the decedent’s income tax liability for the years 1951 through 1955 and the report of the tax examiner. Objection was raised to the introduction of these items into evidence by the representative of the Tax Commission, who relied on section 384 of the Tax Law, which provides in part: “ 1. Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the tax commission, any tax commissioner, any officer or employee of the department of taxation and finance, or any person who, pursuant to this section, is permitted to inspect any report or return or to whom a copy, an abstract or a portion of any report or. return is furnished, or to whom any information contained in any report or return is furnished, to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under this article. The officers charged with the custody of such reports and returns shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the tax commission in an action or proceeding under the provisions of this chapter to which it is a party, or on behalf of any party to any action or proceeding under the provisions of this article when the reports or facts shown thereby are directly involved in such action or proceeding, in either of which events the court may require the production of, and may admit in evidence, so much of said reports or of the facts shown thereby, as are pertinent to the action or proceeding:and no more. Nothing herein shall be construed to prohibit the ¡delivery to aitaxpayer or his duly authorized representative of a certified copy of any return or report filed in connection.with his tax ”.
The right-of governmental agencies and departments to withhold information in judicial, quasi-judicial and legislative proceedings iñ. a variety of situations has evoked widespread interest (107 U. of Pa. L. Eev. 166, “ Governmental Nondisclosure in Judicial Proceedings ”).
In judicial proceedings, the respective rights have been clearly placed in proper perspective by the Court of Appeals in Matter of Bakers Mut. Ins. Co. (Dept. of Health) (301 N. Y. 21) where it said (p. 27): “ The right to resort to means competent to compel the production of written as well as oral testimony has long been regarded as not less than essential to the very existence and constitution of a court at common law. But persons subpoenaed may nevertheless assert against the compulsion of such process whatever privileges they may enjoy under the common law or by statute (see American Lithographic Co. v. Werck *1045 ■meister, 221 U. S. 603; 8 Wigmore on Evidence [3d ed.], § 2191, pp. 62-63). Section 33 of the Sanitary Code of the City of New York gave privacy to the confidential medical report here in question as a means of equipping public officials for the discharge of functions committed to them for the public good. Whether the reasons in favor of such a privilege outbalance the reasons that may be urged against it was here a legislative question which, since it has been settled by the authorities having jurisdiction, cannot be reagitated in the courts.”
Although the Court of Appeals has indicated that it is not proper for the courts to speculate as to the reasons motivating the Legislature in enacting the prohibitions against disclosure by governmental agencies, the sound basis behind such enactments as section 384 has already been explored by our courts and found salutary. (Matter of Manufacturers Trust Co. v. Browne, 269 App. Div. 108, affd. 296 N. Y. 549; Matter of People v. Johnson & Co., 213 App. Div. 402.)
“ The object of the secrecy provisions is to assure every taxpayer making returns that the information therein contained will remain confidential and will be used only for the purpose of computing his tax. The statute indicates a legislative- determination that such returns shall not be used as evidence in the ordinary case and shall not, without the taxpayer’s consent, be employed for any purpose other than that stated in the statute ” (Manufacturers Trust Co. v. Browne, supra, p. 113; see, also, 8 Wigmore, Evidence [3d ed., 1940], § 2377, p. 761).
Under section 384, the prohibition against disclosure “ Except in accordance with proper judicial order ” refers to such an order in the specific actions or proceedings mentioned by the section itself.
“ It would also justify an order for publicity in proceedings affecting the truthfulness, validity and legality of the report itself, as for example, in a criminal prosecution for forgery or perjury arising out of a false report.
‘ But in my opinion no ‘ proper judicial order ’ can, be made except in an event when the integrity of the report itself is attacked or defended as the main, and not as a merely collateral, issue.
‘ To permit the use of such reports in an ordinary case is to destroy the secrecy attaching to them and to break down the protection which the statute gives to taxpayers in the disclosure of their most intimate business affairs to the taxing power.” (Matter of People v. Johnson & Co., 213 App. Div. 402, 405, supra.)
The report of the examiner determining the income tax is offered to substantiate the charge of negligence on the part of
*1046 the administrator in the compromise of decedent’s income tax liability. The other item containing a record of telephone calls and conferences is sought to be admitted in evidence solely to contradict the testimony of the attorney for the administrator as to the extent of his services. These purposes would not support an order requiring the production of the records offered. The court accordingly sustains the objection of the Tax Commission to the admissibility of the foregoing items.