Harry B. Frank, J.
In this article 78 proceeding, petitioners, a limited-profit housing company and one of its co-operator-stockholders, suing on behalf of all such stockholders similarly situated, seek an order compelling respondent, the Administrator of the Housing and Development Administration of the City of New York, to approve the action of the corporate petitioner’s board of directors in voting an increase in the carrying charges payable by the co-operator-stockholders, and further to enjoin respondent from imposing upon any stockholders a surcharge on their carrying charges for failure to execute and deliver to respondent an authorization to examine their tax returns.
The corporate petitioner is the owner of a housing co-operative known as Strycker’s Bay Apartments, which was organized under the Private Housing Finance Law (art. 2) with mortgage funds provided under- an agreement with the City of New York. By virtue of its contractual arrangements with the city, and the provisions of the afore-mentioned law, the corporate petitioner became subject to the supervision of the city’s Housing and Redevelopment Board and its successor, the Housing and Development Administration (hereinafter HD A), respondent herein, and was also bound to comply with the rules and regulations promulgated by HDA as authorized by section 23 of the law.
Section 31 of the Private Housing Finance Law governs with respect to the fixing and varying of rental rates (a phrase which is made equivalent to “ carrying charges ” when used in connection with a co-operative by subdivision 28 of section 2 of the *136 statute) for the facilities involved. Under that section a company such as petitioner may, with the approval of the commissioner or the supervising agency, fix maximum rentals per room within specified limitations and the “ commissioner or the supervising agency, upon his or its own motion, or upon application by the company or of a stockholder * * * may vary such rental rate from time to time ” (italics added).
On October 20,1970, after notice to its co-operators and stockholders, petitioner held a meeting at which its board of directors passed a resolution providing for a 14% increase in carrying charges, 10% payable on December 1,1970, and 4% on December 1, 1971. A copy of such resolution was thereafter sent to respondent HDA for approval. On October 30, 1970, respondent advised petitioner, by letter, that notwithstanding that the action taken ‘1 was in the best interests of the tenant-cooperators at Strycker’s Bay ” approval could not be given because no hearing had been held under HDA’s auspices in accordance with its procedures. This is the same ground asserted by respondent in response to the instant proceeding, and it indicates that, on its own initiative, it has given notice of its intent to conduct a public hearing in accordance with its rules on August 10, 1971, with regard to a rate increase at Strycker’s Bay.
Respondent’s position is well taken. Under the statute, respondent is the entity empowered to alter or increase the rental rate, either on its own initiative, or on the application of petitioner or specified others. In the exercise of its supervisory functions under the Private Housing Finance Law, respondent is authorized to and has in fact promulgated various rules and regulations regarding the procedures to be followed by it, among which is the requirement that a public hearing be held under the aegis of HDA, with specified safeguards, before authorizing a rent increase. It is undisputed that petitioner was obligated to comply with respondent’s rules by virtue of the statute and its agreement with the city. The hearing which petitioner itself held was not in conformity with those rules and did not, as petitioner urges, constitute the requisite compliance. Petitioner cannot substitute its own version of a “ public hearing ” for the hearing prescribed by respondent under its statutory authority. It can hardly be held arbitrary and capricious for respondent to require that a hearing to establish the amount, if any, of a rental increase shall be held at a date and place established by it and presided over by a hearing officer designated by it for such purpose, to enable it to elicit all the essential facts and *137 conditions necessary for an informed course of action on its part. Indeed, New York City Local Law No. 1 of the Local Laws of 1969 mandates such a hearing. There are remedies available to one prejudiced by inordinate delay on respondent’s part in following its procedures, or by deviation therefrom. That the Private Housing Finance Law provides also that a company such as petitioner may initiate an increase in carrying charges or rental rates with the approval of respondent does not, under these circumstances, lead to the conclusion that such approval is a ministerial act only, and that respondent’s procedures, established by administrative regulation, may be ignored. The city has a substantial interest and financial investment in the affairs of petitioner corporation and in seeing that only warranted changes in carrying charges are implemented. Accordingly, the petition is denied insofar as it seeks to compel approval of the increase voted by petitioner’s board of directors.
The other ground raised herein is also not compelling. Those who reside in publicly aided housing receive substantial benefits from the State and city, benefits to which all taxpayers contribute. It is undisputable that pursuant to laws long upheld their benefits are designed to aid and are in fact afforded only to those who meet certain income requirements. This court cannot hold arbitrary, capricious or unreasonable respondent’s action in seeking from recipients of such benefits authorization to verify their claimed income from the taxing authorities. This is not violative of section 384 of the Tax Law, which provides for general secrecy of tax returns. No one compels the individual petitioner, or those in similar status, to reside in the buildings in which such a requirement is imposed. By choosing to reside there, however, and thus accepting public assistance, albeit indirect in nature, this protection is waived. However, inasmuch as the instant case appears to be one of first impression in this respect, respondent’s imposition of the maximum surcharge for those who failed to comply with its directive, would appear unduly harsh, particularly insofar as those parties were the recipients of, and undoubtedly may have relied upon, advice of counsel that such compliance was not required.
Accordingly, the petition will be granted to the extent only of modifying the surcharge requirement to provide that it shall apply only to those who fail to execute and deliver the authorization, effective for the entire period at issue, within 60 days after entry of the order to be entered herein, without prejudice to respondent’s right to impose whatever surcharge might be warranted by virtue of any individual resident’s income.
Settle judgment.