Anthony J. DiGiovanna, J.
In this article 78 proceeding to enjoin respondents, the issue is whether or not a tenant or co-operator in a Mitchell-Lama housing project is required to authorize the Finance Administration of the City of New York to verify to the New York State Division of Housing and *129 Community Renewal what he reported as his New York State taxable income for the year 1971 upon his New York City tax return.
The petitioners are tenants in Mitchell-Lama housing developments which are constructed, maintained and operated by limited profit housing companies incorporated pursuant to article 2 of the Private Housing Finance Law. The purpose of these developments is to provide housing for low income families. As an incentive to private developers to participate in the programs, the City of New York provides substantial tax abatements as well as other financial benefits. The projects are designed to be self-sustaining, in other words, the operating costs are to be met by the rents. All of the activities of the project from its inception through its lifetime are under the supervision of the New York State Division of Housing and Community Renewal. Upon applying for an apartment, an applicant must submit an application setting forth the family income. If the income exceeds the ceiling, the applicant is ineligible. It was realized that after a qualified family enters into occupancy, its income often increases beyond the permissible limits. In order not to evict these tenants and cause undue hardship, a program of imposing surcharges up to 50% of the fixed rental was statutorily provided. (Private Housing Finance Law, § 31, subd. [3].) By making these adjustments, the over-the-limit families would not be reaping the benefits at the expense of the less fortunate under-the-limit families. Section 31 (subd. 4) of the Private Housing Finance Law provides that 50% or less of the rental surcharges shall be paid by the housing company to the municipality and the balance applied to the expense of operation and management as approved by the Commissioner of the State Division of Housing. The net result of the additional income is to stabilize the operating costs and reduce to that extent increases in rentals.
The petitioners herein received a questionnaire requesting certain information pertaining to their income. They were also requested to execute under oath an authorization permitting the Finance Administration of the City of New York to verify to the State Division of Housing their taxable income as reflected in their 1971 New York City income tax return. For failure to do so, the maximum surcharge would be imposed. Petitioners refused to execute the authorization contending, in the main, that the demand violates their “ right to privacy as set forth in Section 384 of the Tax Laws of the State of New York.” Said section provides: “The officers charged *130 with the custody of such reports and returns shall not be required to produce any of them, or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the tax commission in any action or proceeding under the provisions of this chapter to which it is a party ”.
The court does not agree with this contention. This same argument was advanced in a similar case (Matter of Strycker’s Bay Apts. v. Walsh, 67 Misc 2d 134), wherein the court stated (p. 137): “ Those who reside in publicly aided housing receive substantial benefits from the 'State and city, benefits to which all taxpayers contribute. It is undisputable that, pursuant to laws long upheld their benefits are designed to aid and in fact afforded only to those who meet certain income requirements. This court cannot hold arbitrary, capricious or unreasonable respondent’s action in seeking from recipients of such benefits authorization to verify their claimed income from the taxing authorities. This is not violative of section 384 of the Tax Law, which provides for general secrecy of tax returns. No one compels the individual petitioner, or those in similar status, to reside in the buildings in which such a requirement is imposed. By choosing to reside there, however, and thus accepting public assistance, albeit indirect in nature, this protection is waived.” (See, also, Council of Limited-Profit Mut. Housing Cos. v. Walsh, Sup. Ct., N. Y. Sp. Term, Part I, Carney, J., mem. opn. on file, Index No. 2252/72; Matter of Second Additional Grand Jury of Kings County, 234 N. Y. S. 2d 64, affd. 18 A D 2d 1054.)
Moreover, by the terms of their leases the tenants agreed to pay the annual rent ‘ ‘ plus any surcharges made in accordance with tenant’s family income pursuant to the laws and the Rules and Regulations of the Commission of Housing and Community Renewal.” Section 1727-2.3 of Title 9 of the Codes of Rules and Regulations of the State of New York (9 NYCRR 1727-2.3) provides for items of information to be supplied in determining income, one of the items being income tax reports. Section 1727-2.5 requires the income tax reports to be re-examined annually. Section 1727-2.6 provides that tenants must co-operate in furnishing information concerning their income and for failure to do so, the maximum surcharge would be imposed.
Petitioners’ further assertion of a constitutional right to a hearing is without merit (see Council of Limited-Profit Mut. Housing Cos., supra). The additional contentions advanced by the petitioners have been considered and the court finds them without substance or merit.
*131 For the reasons aforestated, it is the opinion of the court that the petitioners were obliged to permit the verification of their income through the method used herein.
Petitions numbered 69 and 70 are denied as academic in view of the court’s decision as above stated in these very proceedings.
On June 1, 1972, at the time of the original argument of all of these matters, a request was made by the petitioners for a stay enjoining all of the respondents from proceeding with their demand for copies of the income tax returns of each of the tenants. An oral agreement was made by the attorneys that no stipulation would be taken by any of the respondents pending the determination by the court. It appeared that that stipulation was dishonored by representatives of the respondents, not the attorneys, who proceeded in their own way to enforce their demands. A motion was then brought on at a subsequent date for the stay to be incorporated in an order. That motion is herein incorporated by reference and shall be considered part of the record herein.
The parties appeared before this court on June 9, 1972 and consisted of the attorneys for the petitioners and Louis J. Lefkowitz by Mortimer Sattler of counsel for the Attorney-General, William A. Conway, counsel to the State Division of Housing and Community Renewal, and Paul M. Godlin appearing for Brightwater Towers, and Merada Realty Corporation. The title of the proceedings appearing at that time made as respondents in the first proceeding the Division of Housing and Community Renewal of the State of New York, Charles J. TJrstadt, Commissioner of the Board of Directors of the Amalgamated Warbasse Houses, Inc., and the Allison Management Corporation, and in the second proceeding the Division of Housing and Community Renewal of the State of New York, Charles J. TJrstadt, .Commissioner of the Board of Directors of Brightwater Towers, Inc., Merada Realty Corporation, Trump Village Section 1, Inc., Trump Village Section 2, Inc. and Beach Haven Management, Inc. The following stipulation was entered into in open court and a record made thereof, a copy of which has been submitted to the court. It reads as follows:
“ It is hereby agreed and stipulated by and between the attorneys for the respective parties that the petitioner-residents herein are authorized to fill out the affidavit of income heretofore sent to them by their respective housing companies, and may excise or delete therefrom that provision therein granting authorization to obtain from the City Finance Administration *132 a verification of income obtained from petitioners’ New York State income tax returns.
‘ ‘ And it is further stipulated that no action to impose any penalty for such deletion until a determination of this instant proceedings and in the event the determination is adverse to the petitioners, they, and each of them, shall be given 30 days from the determination of this Court to execute the authorizations hereinabove referred to.
“ And it is further stipulated that the State of New York shall notify all respondents in this matter — shall notify all other respondents in this matter of the above stipulation and stay. Signed, by counsel, and so ordered by Honorable Judge DiGiovanna.”
No formal order was entered in view- of the fact that the minutes of this court correctly state that the court “ so ordered ” the stipulation and it was agreed that no further order need be entered.
There have been oral reports brought to the court that despite this stipulation in many instances eviction notices have been served upon tenants. The court declares that any proceedings of any nature whatsoever taken from June 1, 1972 to June 9, 1972 and from June 9,1972 to the date hereof are null and void and of no legal effect and shall not be enforced by any other court, in which such proceedings are brought. If any individuals acted on behalf of the several respondents despite advice by counsel not to do so, their actions are in contravention of the stipulation of their attorneys and they had no right to act in that direction.
Accordingly, the court directs that an order be settled on notice herein in which all three petitions will be denied and the proceedings dismissed, but the order shall further provide that a stay was in effect herein from the first day of June, 1972 and will continue for such time as is provided in the stipulation, namely, 30 days from the determination of this court; and the order shall further provide that such stay shall continue unless vacated by an order of the Appellate Division upon application made by any of the respondents, and it shall further provide that the stay shall continue until determination of any motions made in the Appellate Division respecting the stay. Each of the respondents is required to file affidavits by officers of the corporations stating whether, in fact, any proceedings have been taken in violation of this stipulation and the parties may likewise file such affidavits as they deem expedient in order to indicate whether, in fact, this stipulation *133 has been violated. Based upon this decision and those affidavits the court will settle an order on notice which shall be submitted herein no later than Wednesday, July 26,1972.
Despite the determination of this court as set forth above, the respondents have the right to have their day in court which includes the right to take an appeal if so advised, and the respondents are constrained to observe the stipulation as entered into. This stipulation shall become part of the record herein and the copy which has been supplied to the court will be filed for that purpose.