## 51089. THE STATE v. BARNETT.

PANNELL, Presiding Judge.

The state appeals from the order of the superior court sustaining defendant's motion to suppress, which was certified for immediate review. The sole question presented in this appeal is whether a written complaint supporting the issuance of a search warrant must be signed by the officer making the complaint.

The evidence shows that Sheriff Morgan was told by an informant that stolen property was located at the home of appellant. The sheriff proceeded to the justice of the peace and related these and other facts to him. An "affidavit" was prepared setting forth the facts upon which the sheriff based probable cause for the search. The sheriff failed to sign the "affidavit," but the justice of the peace signed the provision which stated, "Sworn to and subscribed before me, this 19 day of Feb., 1975." The "affidavit" stated in part, "Personally appeared before me the undersigned officer charged with the duty of enforcing the Criminal Laws, to wit: Charles Morgan, who, after

first being sworn, deposes and says on oath that, of his personal knowledge, the following facts sufficient to show probable cause . . ."

Section 3, Searches and Seizures Act of 1966 (Ga. L. 1966, pp. 567, 568, Code Ann. § 27-303) provides as follows: "Grounds for search warrant. Upon the *written complaint* of any officer of the State or its political subdivisions charged with the duty of enforcing the criminal laws *under oath or affirmation* which states facts sufficient to show probable cause . . . any judicial officer . . . may issue a search warrant . . ." (Emphasis supplied.) Although the Georgia courts have allowed oral testimony to *supplement* the written complaint, this does not do away with the necessity of a written complaint as required by Section 3 of the Searches and Seizures Act of 1966. The issue presented is whether the present "affidavit" is sufficient to satisfy the requirement of a written complaint. Does a written complaint require a written signature, or is it sufficient that the facts be in writing and the judicial officer attest to the giving of such facts by the officer under oath? We are of the opinion that the written complaint must be signed by the attesting officer in order to be valid.

The signature of the affiant is necessary to the validity of an affidavit. *Raley v. Mayor &c. of Warrenton,* 120 Ga. 365, 368 (47 SE 972); *Jarvis v. State,* 71 Ga. App. 617, 619 (31 SE2d 673). Appellant argues that the statute requires a written complaint and not an affidavit. He urges that the legislature intentionally omitted any requirement of the officer's signing the complaint by its use of the word "complaint" rather than "affidavit." We cannot agree that these two words are materially different. Black's Law Dictionary defines "complaint" in criminal law as follows: "A charge, preferred before a magistrate having jurisdiction, that a person named (or an unknown person) has committed a specified offense, with an offer to prove the fact, to the end that a prosecution may be instituted. It is a technical term, descriptive of proceedings before a magistrate . . . In some instances 'complaint' is interchangeable with 'information.' . . . *And is often used interchangeably with 'affidavit.'* Hebebrand v. State, 129 Ohio St. 574, 196 NE

412, 415." (Emphasis supplied.) Black's Law Dictionary 4th Ed., 356. In the present case, the search warrant stated that it was based on the "affidavit" of Charles Morgan. Further, the statements of facts upon which the warrant was issued was entitled "Search Affidavit." In that the signature of the affiant is necessary to the validity of an affidavit, and in that the words "complaint" and "affidavit" are used interchangeably, the attesting officer's signature is necessary to the validity of a written complaint as required by Section 3 of the Searches and Seizures Act of 1966.

The state argues that even if the officer's signature is required, the absence of such signature is only a technical irregularity, and the evidence should not be suppressed because of a technical irregularity. See Section 12, Searches and Seizures Act of 1966 (Ga. L. 1966, pp. 567, 571; Code Ann. § 27-312). We cannot agree. Unless the complaint or affidavit is signed, it is invalid, and a search warrant can not issue. In that the officer's signature determines the validity of the affidavit and the search warrant, its absence cannot be considered a mere technical irregularity.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED OCTOBER 10, 1975.

*Earl B. Self, District Attorney, Jon B. Wood, C. P. Brackett, Jr., Assistant District Attorneys,* for appellant.
*Auman & Campbell, Roger R. Auman, John C. Campbell,* for appellee.