In the Matter of NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant, v NEW YORK STATE DEPARTMENT OF LAW, Statewide Organized Crime Task Force, Respondent.

Fourth Department, July 12, 1977

*Peter Crotty (Arthur Rosen* of counsel), for appellant.

*Maxwell B. Spoont (John Mansour* of counsel), for respondent.

MOULE, J. In July, 1976, a Deputy Attorney-General in

charge of the State Organized Crime Task Force (OCTF) served appellant, the New York State Department of Taxation and Finance, with a subpoena duces tecum issued in accordance with CPL 190.50. That subpoena required the department to produce before a Monroe County Grand Jury a certified copy of the 1973 tax return of one Casimer Gervase. The department thereupon moved unsuccessfully to quash the subpoena. The sole question presented on this appeal is whether the nondisclosure provisions of subdivision (e) of section 697 of the Tax Law prohibit the Department of Taxation from complying with the mandate of the subpoena duces tecum.

Subdivision (e) of section 697 of the Tax Law, entitled "Secrecy requirement and penalties for violation", provides in pertinent part as follows: *"Except in accordance with proper judicial order or as otherwise provided by law,* it shall be unlawful for the tax commission, any tax commissioner, [or] any officer or employee of the department of taxation and finance * * * to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under this article." (Emphasis supplied.)

That subdivision further states that, except in certain specified instances[1] not applicable here, "[t]he officers charged with the custody of such reports and returns shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court".

In denying appellant's motion to quash the subpoena, the court held that the subpoena was a "proper judicial order" and that, therefore, compliance with its mandate was expressly permitted by the general exception language contained in the introductory sentence of subdivision (e) of section 697 of the Tax Law. We disagree.

In construing similar language of former section 202 of the Tax Law, the First Department, in a decision later affirmed by

1. The statute permits disclosure "on behalf of the tax commission in an action or proceeding under the provisions of the tax law or in any other action or proceeding involving the collection of a tax due under this chapter to which the state or the tax commission is a party or a claimant, or on behalf of any party to any action or proceeding under the provisions of this article when the reports, returns or facts shown thereby are directly involved in such action or proceeding, in any of which events the court may require the production of, and may admit in evidence, so much of said reports, returns or of the facts shown thereby, as are pertinent to the action or proceeding and no more."

the Court of Appeals, held that " 'Proper judicial order' refers to an order which becomes necessary or may become necessary to give effect to the exceptions contained in the statute itself. It would also authorize an order for publicity in a proceeding in which the integrity of the report itself, is attacked, as, for example, in a criminal prosecution for a crime such as forgery or perjury arising out of a false report." (*Matter of Manufacturers Trust Co. v Browne,* 269 App Div 108, 112, affd 296 NY 549; see, also, *Matter of People v Johnson & Co,* 213 App Div 402.)

Since, as previously noted, respondents do not assert that "the exceptions contained in the statute itself" are applicable here, the subpoena cannot be said to "give effect" to those exceptions and, accordingly, it is not a "proper judicial order" as that term is used in the statute.

Although admittedly the *Manufacturers Trust* case involved production of tax returns in a civil proceeding and the statute interpreted therein concerned nondisclosure of corporate, not individual, returns, these distinctions are irrelevant to the application of its holding here. It is beyond question that the Tax Law provision in that case was substantially the same as subdivision (e) of section 697 in both phraseology and intent, contained the identical language of exception and, most importantly, was based upon the same underlying policy rationale, viz., the confidentiality of the tax information furnished by corporations and individuals (see *Manufacturers Trust Co. v Browne, supra*).

The cases cited by respondent in support of the applicability of the "proper judicial order" exception to the facts here are distinguishable. While the court in *Matter of New York State Sales Tax Records* (382 F Supp 1205) made passing reference to the fact that a *Federal* Grand Jury subpoena was a "proper judicial order", its denial of the motion to quash was based primarily upon its conclusion that the supremacy clause of the United States Constitution must prevail over any nondisclosure provision of the New York State Tax Law. A similar approach was adopted in *United States v King* (73 FRD 103) wherein the court reasoned, *inter alia,* that rule 501 of the Federal Rules of Evidence apparently requires only that Federal privileges be recognized in Federal criminal cases. The court held that a tax nondisclosure provision of the Administrative Code of the City of New York, which it found was not based upon a policy of confidentiality, must yield to a strong

Federal policy of full disclosure and development of facts in Federal litigations.

Respondent's State citations likewise lend no support to its position. In *Matter of Strycker's Bay Apts. v Walsh* (67 Misc 2d 134) disclosure of the returns of housing project residents was permitted solely on the ground that the residents waived any right to confidentiality by residing in publicly aided housing which was subject to income requirements. Finally, in *Matter of Second Additional Grand Jury* (234 NYS 2d 64) the court held that an individual, testifying before a Grand Jury under a limited waiver of immunity, could not prohibit disclosure of his own returns by invoking the nondisclosure provisions of the Tax Law since those provisions apply solely to disclosure by officers of the State.

Respondent attempts to alternately justify disclosure under the "as otherwise provided by law" exception of subdivision (e) of section 697 by reference to the general statutory powers of both a Grand Jury and the OCTF. This analysis, however, must also be rejected. As previously noted, subdivision (e) of section 697 reflects a strict, general policy of confidentiality and nondisclosure. Accordingly, exceptions to this rule must be specific in removing the prohibition against disclosure and a court may not, under the guise of interpretation, enlarge the scope of such exceptions by mere implication (see McKinney's Cons Laws of NY, Book 1, Statutes, § 213).

CPL 60.10, 190.30 and 190.40 contain the statutory provisions empowering a Grand Jury to obtain and examine evidence of the commission of a crime. These provisions, however, lack the necessary specificity to remove the prohibition against disclosure (cf. Executive Law, § 49; see, also, Education Law, § 663, subd 8). To hold otherwise, in light of the general language used in those statutes, would render the secrecy provisions of the Tax Law meaningless.

Similarly, the provisions of the Executive Law vesting the Organized Crime Task Force with wide-ranging investigatory powers are also general in nature and do not specifically permit disclosure of tax return information. Admittedly subdivision 3 of section 70-a of that law does provide that "[t]he deputy attorney general in charge of the organized crime task force may request and shall receive from * * * the state department of taxation and finance * * * *cooperation and assistance* in the performance of his duties" (emphasis supplied). However, the phrase "cooperation and assistance" was

intended to mean investigatory manpower and expertise (see NY Legis Ann, 1970, p 535) and clearly cannot be interpreted to include disclosure of otherwise confidential information.

Accordingly, the order denying appellant's motion should be reversed and the subpoena quashed.

MARSH, P. J., CARDAMONE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously reversed, without costs, and motion granted.

