### 34377. GARRETT et al. v. THE STATE.

UNDERCOFLER, Presiding Justice.

We granted certiorari in this case to consider Divisions 6 and 7 of the Court of Appeals opinion in *Garrett v. State,* 147 Ga. App. 666 (250 SE2d 1) (1978). Division 6 raises the question whether the husband of a government employee who converted court money can be sentenced under the harsher (1 to 15 years) terms of Code Ann. § 26-1812 (b) for participating in the theft by the government employee or must be sentenced under the more lenient (1 to 10 years) provisions of Code Ann. § 26-1812 (a). Division 7 involves the propriety of using the Garretts' income tax returns under Code Ann. §§ 92-3216 (Supp. 1978) and 92-8414, making income tax returns privileged unless the return itself is in issue. We affirm for the reasons set out below.

1. As deputy clerk of the State Court of Richmond County, Marie Garrett's responsibilities included collecting and recording fines and forfeitures for the court. She and her husband, who was not a government employee, were convicted on eight counts of embezzling court funds and sentenced to 15 years on each count; Marie Garrett's, with 5 years on Count 2 to run consecutively to Count 1 and the rest concurrently and Stewart Garrett's, all to run concurrently. He appealed, claiming the trial court erred in sentencing him to 15 years under Code Ann. § 26-1812 (b) fixing the maximum punishment at 15 years where a theft is committed by a government employee, since he was not so employed. Code Ann. § 26-1812 (a) generally sets the maximum at 10 years for most thefts of over $100 in value.[1]

---

[1]Code Ann. § 26-1812: "A person convicted of violation of sections . . . 26-1808 [theft by conversion] . . .

The general rule is stated in 26 AmJur2d 558, Embezzlement, § 7: "Where a statute abrogates the distinction between accessories and principals and makes principals all who are guilty of acting together in the commission of a crime, . . . even persons who are not employees or subordinates, of public officers, who act with such officers in embezzling public funds, may be prosecuted as principals, although the embezzlement statutes are applicable in terms only to the official custodians of the funds." Accord, Gibbs v. Arizona, 293 P 976 (74 ALR 1105) (1930); England v. State, 23 Ala. App. 361 (125 S 687) (1930). We find this rule is also applicable in Georgia.

In *Bishop v. State,* 118 Ga. 799 (45 SE 614) (1903), we held that, although only officers or employees could be principals in the first degree to embezzlement, other unrelated persons could also be guilty of the same crime in the second degree or as accessories. In 1968, the General Assembly abolished the distinctions among principals in the first and second degree and accessories before the fact and made them all parties to the crime. Code Ann. § 26-801; *Hannah v. State,* 125 Ga. App. 596 (188 SE2d 401) (1972). Therefore, Stewart Garrett was appropriately charged[2] with theft by conversion under Code Ann. § 26-1808.[3] Since Garrett may be convicted as a party to the

---

shall be punished as for a misdemeanor except: (a) If the property which was the subject of the theft exceeded $100 in value, . . . by imprisonment for not less than one and not more than 10 years, . . .; (b) If the property was taken by a fiduciary in breach of a fiduciary obligation, *or by an officer or employee of a government or a financial institution* in breach of his duties as such officer or employee, by imprisonment for not less than one nor more than 15 years." (Emphasis supplied.)

[2]The state proceeded on the theory Stewart Garrett was a party. The jury was not instructed on the law of conspiracy.

[3]We express no opinion as to the Court of Appeals' statement that the conversion took place at the time the money was deposited into the Garretts' joint checking account.

crime of conversion, without first "having lawfully obtained the funds. . . .," Code Ann. § 26-1808, it necessarily follows that he may also be punished without having been a government employee "if the property was taken by . . . an officer or employee of a government . . . institution," Code Ann. § 26-1812 (b). The increased punishment under this section is not limited to persons, in this case government employees, but to the situation, whether the property was taken by a government employee. Therefore, the Court of Appeals correctly held that the trial court was authorized to sentence Stewart Garrett to 15 years on each count of conversion for which he was found to be a party.

2. The second question on which the court granted certiorari involves the acquisition of the Garretts' joint State income tax returns by subpoena duces tecum from the Department of Revenue. The Attorney General made a motion to quash the subpoena, which the trial court overruled. The Court of Appeals affirmed, finding that the trial court did not abuse its discretion in tipping the balance toward the need for disclosure over the privilege afforded tax returns under Code Ann. § 92-3216 (a) (Supp. 1978).

This section provides:[4] "(a) *Except in accordance with*

---

[4]Code Ann. § 92-3216 (Supp. 1978) states: "(a) Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for the State Revenue Commissioner, other officer, employee, or agent or any former officer, employee, or agent, to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under the law of this State or any return or return information required by the Internal Revenue Code when the information or return is received from the Internal Revenue Service or submitted by the taxpayer as provided by the law of this State. Nothing contained in this section shall be construed to prohibit the publication of statistics, so classified as to prevent the identification of particular reports or returns and the items thereof, or the inspection by the Attorney General or other legal

*proper judicial order* or as otherwise provided by law, it shall be unlawful . . . to divulge or make known in any manner the amount of income or any particulars set forth

representative of the State, or use as evidence, of the report or return of a taxpayer in the event of any action or proceeding involving any tax liability of the taxpayer. Reports and returns shall be preserved for three years and thereafter until the commissioner orders them to be destroyed.

"(b) The commissioner may permit the commissioner of Internal Revenue of the United States, or the proper officer of any State imposing an income tax similar to that imposed by this law, or the authorized representative of either such officer, to inspect the income tax returns of any taxpayer, or may furnish to such officer or his authorized representative an abstract of the return of income of any taxpayer or supply him with information concerning any item of income contained in any return, or disclosed by the report of any investigation of the income or return of income of any taxpayer. Such permission shall be granted, or such information shall be furnished to such officer or his representative, only if: . . . [4 conditions are met];

"(c) The commissioner may permit the disclosure of inventories, depreciable assets, accumulated depreciation and book value of depreciable assets to local taxing authorities in this State to be used solely for ad valorem tax purposes: Provided, that the furnishing of such information is not prohibited by Section 6103 of the Internal Revenue Code of 1954: and provided, further, that the furnishing of such information to the local taxing authorities shall not be deemed to change the confidential character of such information and any persons receiving such information within the authority of this paragraph shall be subject to the provisions of Code section 92-9914, relating to the sanctions to be imposed for the unauthorized disclosure of confidential material.

"(d) The provisions of this section shall not be construed to prohibit persons, or groups of persons, other than employees of the State Revenue Department from

or disclosed in any report or return. . . ."[5] (Emphasis supplied.) The determinative issue is whether the trial court's order is a "proper judicial order" under the statute. This language has never been interpreted by this court, but the State of New York, which has an identical statute has done so. The Attorney General of this state followed the New York construction in an opinion letter to the State Revenue Commissioner in 1971. Opinions of the Attorney General 71-184, p. 253. "It is my opinion that [these statutes] do not authorize the release of tax information for use in any manner other than a case involving the integrity of the tax return itself as the main issue, and not merely as a collateral issue." The Attorney General then quoted People v. Isaac G. Johnson & Co., 210 NYS 92 (1925): " 'The order therein referred to is one made by the court which becomes necessary in the actions or proceedings . . . where the publicity of the report is an inevitable incident to, and consequence of, the judicial proceeding, which would be valueless and ineffective

---

having access to tax information where necessary for data processing operations and maintenance of data processing equipment: Provided such persons, or groups of persons, have obtained prior approval from the State Revenue Commissioner and are subject to the direct security control of Revenue Department personnel during subject periods of access. Any person who divulges or makes known any tax information obtained hereunder shall be subject to the same civil and criminal penalties as those provided for divulgence of information by employees of the State Revenue Department.

"(e) Notwithstanding the provisions of any other law, the provisions of this section shall remain in full force and effect, unless specific reference is made in such other law to this section and to the disclosure of income tax information contained in any report or return required under this law." See also Code Ann. §§ 92-8414 and 38-418.

[5]Code Ann. § 92-9914 sets punishment by a fine not exceeding $1,000 or by imprisonment not exceeding one year, or both for violation of Code Ann. § 92-3216.

without the publicity of the report which attend the determination of the issue and be an essential factor therein. . . [N]o "proper judicial order" can be made except in an event when the integrity of the report itself is attacked or defended as the main, and not as a merely collateral, issue.'" Accord, New York Dept. of Tax v. New York Dept. of Law, 396 NYS2d 744 (1977); In re Fowlkes Estate, 185 NYS2d 373 (1959); Application of Manufacturers Trust Co., 53 NYS2d 923 (1945). See Brackett v. Commonwealth, 223 Mass. 119 (111 NE 1036) (1916); Bowman v. Montcalm Circuit Judge, 129 Mich. 608 (89 NW 334) (1902). We agree with·the Attorney General.

The legislative purpose of the enactment is to encourage voluntary and truthful reporting of income by insuring confidentiality. The strict language of the statute and the severe penalty for defaulting from its mandates emphasize a clear policy favoring non-disclosure.[6] To apply a balancing test and abuse of discretion standard of review as the Court of Appeals has in this case would seriously undermine this policy. We hold that by "proper judicial order" a court may require employees of the department of revenue to produce income tax returns and reports *only when such returns are directly in issue* as set out in the statute.[7] See footnote 1, supra.

3. We find, however, that this error, even under the strict policy standards set out in Division 2, is harmless here. The information contained in the joint income tax returns for 1975 and 1976 had already been introduced in

---

[6]The fact that the legislature has also provided that this section shall not be construed to be amended by implication Code Ann. § 92-3216 (e), lends further support to the conclusion that nondisclosure is to be enforced strictly. Footnote 4, supra.

[7]Since this is a case of first impression in this state and because the employee of the Department of Revenue here released the tax reports under the judicial order, exception to the statute, he would not be subject to the penalties for violating its provisions.

evidence from other sources. Checks from the clerk's office showed Marie's income, which she then verified on the stand; similarly, Stewart's income for 1975 through 1978 was proved by introducing his paychecks through his employer, which Stewart then verified. The 1974 tax return was used only to refresh Stewart's memory as to his earnings that year to which he testified. No other use was made of these returns at trial, although they were admitted in evidence. We see no prejudice; the returns merely verified the Garretts' income as shown by other evidence and was, therefore, cumulative. Nor do we see how the Garretts' character was put in issue by their introduction into evidence since no one questioned their accuracy. Furthermore, at trial, Marie admitted she took some money, but not as much as the state claimed. Stewart's defense was that he deposited the money under a claim of right. He thought Marie had acquired it before their marriage by inheritance from her deceased boyfriend of fifteen years, who had left the residue of his estate to her. He testified that Marie had converted the inherited assets to cash, which she kept in a lock box in a bank and that he had no idea how much she had inherited. Thus, the introduction of the income tax returns in no way prejudiced his defense.

The Court of Appeals opinion, affirming the convictions and sentences of Marie and Stewart Garrett, is affirmed for the reasons stated in this opinion.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents to Division 1 and in the judgment, and Hall, Bowles and Marshall, JJ., who concur in Divisions 1 and 3 and in the judgment.*

ARGUED FEBRUARY 21, 1979 — DECIDED MARCH 6, 1979 — REHEARING DENIED MARCH 27, 1979.

*Nixon, Yow, Waller & Capers, D. Field Yow, John B. Long, Wilson & Trotter, William A. Trotter, III,* for appellants.

*Richard E. Allen, District Attorney,* for appellee.