■ In the Matter of the Claim of JOHN P. GMITROWSKI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 1980. Decision affirmed, without costs. (See *Matter of Liss [Ross]*, 80 AD2d 716.) Sweeney, J.P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of RICHARD B. WEBSTER et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents. (And Other Related Proceedings.) — Motions by petitioners granted, without costs, to the extent of striking "Exhibit E" and the information contained therein from the record on review together with all references thereto contained in respondents' brief. Subdivision (e) of section 697 of the Tax Law evinces a strict policy of confidentiality and nondisclosure of tax returns *(Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force, 58 AD2d 298, 301, affd 44 NY2d 575)*. Although a court may admit into evidence so much of a return as is pertinent to a proceeding under the provisions of the Tax Law (Tax Law, § 697, subd [e]), respondents have failed to demonstrate that "Exhibit E", the partnership returns of a nonparty, is pertinent to a determination of the instant proceeding. Mahoney, P.J., Kane, Mikoll and Casey, JJ., concur.

## (April 3, 1981)

■ In the Matter of PATRICK J. BROPHY, an Attorney. — Application by Patrick J. Brophy, who was convicted on January 12, 1981 in the United States District Court for the Western District of New York, upon a verdict, of the misdemeanor of willfully depriving an individual of rights secured to him by the United States Constitution in violation of sections 242 and 2 of title 18 of the United States Code, to set aside his automatic suspension as an attorney pursuant to section 90 (subd 4, par f) of the Judiciary Law. The applicant alleges that his conviction stems from an inadvertent violation of a prosecutor's duty not to withhold evidence favorable to an accused and urges that the interests of justice will best be served by a stay of his suspension pending the determination of an appropriate sanction by this court after a hearing. Application granted and applicant's automatic suspension is set aside pending the further order of this court and applicant is directed to show cause on Monday, May 4, 1981 at 1:30 P.M. why a final order of suspension, censure or removal from office should not be made pursuant to section 90 (subd 4, par g) of the Judiciary Law. Sweeney, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.

■ In the Matter of MICHAEL P. HARTER, an Attorney. — Application by Michael P. Harter, who was convicted on January 26, 1981 in City Court, City of Oneonta, following an *Alford* plea (i.e., without admitting any criminal wrongdoing) of the crime of attempted forgery in the third degree, a class B misdemeanor, to set aside his automatic suspension as an attorney pursuant to section 90 (subd 4, par f) of the Judiciary Law. The applicant