## A00A0290. GOOLSBY v. ESTATE OF WILLIAMS.
(534 SE2d 559)

PHIPPS, Judge.

Bobby Goolsby, Director of the Income Tax Division of the Georgia Department of Revenue, appeals the Clayton County Probate Court order denying his motion to quash a subpoena for the production of tax returns of Katrina V. Williams, deceased. The returns were subpoenaed for use in a probate court proceeding to determine the existence of a common law marriage. Because the probate court proceeding does not involve the integrity of the returns filed by Williams, OCGA § 48-7-60 (a), as interpreted by the Supreme Court of Georgia in *Garrett v. State*,[1] prohibits Goolsby from producing those returns. Therefore, the court erred in denying the motion, and we reverse.

This case arose out of an application to appoint an administrator for Williams's estate. Mack Lester claimed to be her common law husband and applied for appointment as administrator. Williams's mother, as guardian of Williams's minor children, disputed the claim and filed a caveat to the application. She then subpoenaed Goolsby to produce copies of Williams's tax returns for 1995, 1996, and 1997 to show that Williams had filed as a single person. She planned to use the returns as evidence that no common law marriage existed between Lester and Williams.

Goolsby filed a motion to quash the subpoena, claiming that the information sought was confidential and protected from disclosure by OCGA § 48-7-60 (a), as interpreted in *Garrett*. The probate court denied Goolsby's motion and held that *Garrett* did not extend to the disclosure of information regarding a taxpayer's filing status.

> Except in accordance with proper judicial order or as otherwise provided by law, it is unlawful for the commissioner, other officer, employee, or agent, or any former officer, employee, or agent to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required under the law of this state or any return or return information required by the Internal Revenue Code when the information or return is received from the Internal Revenue Service or submitted by the taxpayer as provided by the laws of this state.[2]

The Supreme Court of Georgia has interpreted this language to mean that a "proper judicial order" may require employees of the

---

[1] 243 Ga. 322, 324 (2) (253 SE2d 741) (1979).

[2] OCGA § 48-7-60 (a).

Department of Revenue to produce tax returns and reports "only when such returns are directly in issue."[3] These types of statutes " 'do not authorize the release of tax information for use in any manner other than a case involving the integrity of the return itself as the main issue, and not merely as a collateral issue.' "[4] The Supreme Court did not distinguish information regarding the taxpayer's income from other legally required information or particulars appearing on the return.

The Supreme Court determined that the strict language of OCGA § 48-7-60 and the penalty for violating it[5] emphasize a clear policy favoring nondisclosure.[6] Focusing on this policy, the court specifically rejected a balancing test weighing the need for evidence in a particular case against the interest in confidentiality.[7]

The probate proceeding clearly does not involve the integrity of the returns filed by Williams. As a result, we are constrained by *Garrett* to hold that Goolsby's motion to quash should have been granted.

*Judgment reversed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 11, 2000.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Anthony J. Musto, Assistant Attorney General,* for appellant.
*Brown & Brown, George T. Brown, Jr.,* for appellee.

---

[3] (Emphasis omitted.) *Garrett*, supra at 327 (2).
[4] Id. at 326 (2), citing Op. Atty. Gen. 71-184, p. 253.
[5] OCGA § 48-7-61 (officer of the state who violates OCGA § 48-7-60 by divulging tax information is guilty of a misdemeanor and will be dismissed from office).
[6] *Garrett*, supra at 327.
[7] Id.