A05A2113. HENRY v. THE STATE.

(626 SE2d 511)

MILLER, Judge.

Linda June Henry was convicted of violating the Georgia Racketeer Influenced and Corrupt Organizations Act (Georgia RICO)

arising from her involvement in forging checks at the company where she served as chief financial officer. She now appeals, arguing that the evidence was insufficient and that the trial court erred when it denied her motion to suppress evidence recovered from her Tennessee home. We hold that although the warrant authorizing the search of these premises was fatally defective, and although the evidence seized pursuant to that warrant was therefore improperly admitted, this error was harmless in light of other properly admitted evidence, which sufficed to sustain her conviction. We therefore affirm.

The record shows that Henry was the chief financial officer for Ownbey Enterprises, a fuel distributing company, from June 2001 until September 2002. At one point during that time, Henry told the receptionist that the company's bank statements should come to her rather than to Donna Lange, the credit manager. These bank statements contained images of the company's cancelled checks. In September 2002, an accounts payable clerk found that her register was not balanced and asked Wachovia Bank to send her a copy of a missing check. When the bank did so, the clerk found that the check had been made payable to Henry. The resulting internal investigation found that Henry had forged twenty-seven checks on the Ownbey Enterprises account, twenty-one bearing the signature of Lange and six bearing the signature of Ownbey. Both Lange and Ownbey later testified that they had not signed any of these checks.

In the course of the ensuing law enforcement investigation, Steve Sanders, a deputy sheriff of Whitfield County, Georgia, traveled to Chattanooga to meet with Officer Terry Thomas of the Tennessee Highway Patrol concerning the developing case against Henry. On October 3, 2002, Sanders made out an "Affidavit in Support of Application for Search Warrant" that began with the words "I, Steve Sanders, do hereby make oath as follows." The text of the affidavit then identified the locations to be searched as Henry's home and her safe deposit box, both in Chattanooga. The affidavit was not signed by Officer Sanders, however, but by Officer Thomas and the presiding Tennessee judge. The judge immediately issued a warrant referring to the proof contained in the "affidavit of Steve Sanders." When the officers executed this October 3 warrant, they seized items including financial documents, a shredder, and a wastebasket with contents from Henry's home, as well as $5,500 in cash from the safe deposit box. The officers then obtained and executed a warrant to seize the jewelry also found in the safe deposit box. Henry brought a motion to suppress all of this seized evidence on grounds including that the purported Sanders affidavit of October 3 was defective. After a hearing, the trial court denied the motion to suppress.

At trial, the State introduced copies of the 27 cancelled checks on the Ownbey Enterprises account bearing the signatures of Lange and

Ownbey into evidence. The State also tendered copies of bank statements and cancelled checks from the Ownbey Enterprises account, the deposit rental agreement concerning Henry's safe deposit box, and documents from Henry's personal bank account including copies of cancelled checks and deposit records. Henry did not object to the admission of any of these documents. The jewelry seized from the safe deposit box was admitted over Henry's continuing objection.

Henry was later convicted of violating Georgia RICO and sentenced to twenty years with eight to serve. Her motion for new trial was denied, and she now appeals.

1. Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Henry first contends that the trial court erred in denying her motion to suppress the jewelry found in her safe deposit box because Georgia law enforcement officers lack the authority to execute a warrant issued by a Tennessee court and addressed to Tennessee law enforcement officers. We need not address such contentions because the warrant at issue here is invalid on its face. In the course of the hearing on Henry's motion to suppress, the trial court asked whether Henry was contending that there was "such a variance [between the text of Sanders's affidavit and Thomas's signature on it] that the whole affidavit should be declared invalid." Counsel responded affirmatively, referring to testimony presented at the same hearing that "Agent Thomas [had] provided no sworn testimony" on October 3. Henry's motion to suppress was later denied.

It is axiomatic that "[t]he signature of the affiant is necessary to the validity of an affidavit." (Citations omitted.) *State v. Barnett*, 136 Ga. App. 122, 123 (220 SE2d 730) (1975). Here, the person named as the affiant in the text of the affidavit (Sanders) was not the same as the person who signed the affidavit (Thomas).

> Unless the complaint or affidavit is signed, it is invalid, and a search warrant cannot issue. [Since] the officer's signature determines the validity of the affidavit and the search warrant, its absence cannot be considered a mere technical irregularity.

Id. at 124. As a result, the purported Sanders affidavit and the warrant predicated on it are both invalid. The trial court erred when it denied Henry's motion to suppress the evidence taken from the safe deposit box. Id. (affirming grant of motion to suppress for lack of affiant officer's signature).

2. Henry also asserts that the evidence was insufficient to support her conviction. We disagree.

The fact that the trial court erred in denying Henry's motion to suppress the cash and jewelry does not mean that the evidence was otherwise insufficient to sustain Henry's conviction. Here, the State introduced voluminous documentary evidence concerning Henry's forgery scheme, supported by testimony from co-workers and bank employees. Since the jewelry was merely cumulative evidence of the likely fruits of this scheme, its admission was harmless error. See *Garrett v. State*, 243 Ga. 322, 327-328 (3) (253 SE2d 741) (1979) (defendants' tax returns were cumulative and harmless concerning embezzlement); *Belcher v. State*, 230 Ga. App. 235, 236-237 (2) (496 SE2d 306) (1998) (physical evidence was cumulative and harmless concerning robbery). Putting aside the illegally obtained jewelry, the remaining evidence was sufficient to sustain Henry's conviction.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2006 —
RECONSIDERATION DENIED JANUARY 20, 2006.

*Little, Bates & Kelehear, Sam F. Little*, for appellant.

*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.